## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

| | |
|---|---|
| RON GLICK, | CV 11-168-M-DWM-JCL |
| Plaintiff, | ORDER, and<br>FINDINGS AND |
| vs. | RECOMMENDATIONS |

DONALD MOLLOY, JEREMIAH LYNCH,
KEITH STRONG, UNITED STATES
DISTRICT COURT - MONTANA DISTRICT,
ELEVENTH JUDICIAL DISTRICT COURT
OF MONTANA, PEG ALLISON,
STUART STADLER, KATHERINE CURTIS,
TED LYMPUS, MARA NEZATSKI, aka Mara Pelton,
TIM HARRIS, RAY EVERT, SPECIAL FRIENDS
ADVOCACY PROGRAM, GAY MODRELL,
GREGORY PASKELL, MONTANA SUPREME COURT,
MONTANA OFFICE OF DISCIPLINARY COUNSEL,
DAVE EDWARDS, HEIDI ULBRICHT, and
DOES ONE through FIFTY,

                    Defendants.

_____

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff Ron Glick, appearing pro se in this action, filed a Motion to

Proceed In Forma Pauperis.  Glick submitted a declaration that makes the showing

required by 28 U.S.C. § 1915(a).  Because it appears he lacks sufficient funds to

prosecute this action, **IT IS HEREBY ORDERED** that Glick's Motion to

Proceed In Forma Pauperis is **GRANTED**.  This action may proceed without

prepayment of the filing fee, and the Clerk of Court is directed to file Glick's

lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is

permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

screening of the allegations set forth in the litigant's pleading.  The applicable

provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the court determines
> that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune
>>> from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Glick's pleading to consider whether this action can

survive dismissal under the provisions of section 1915(e)(2), or any other

2

provision of law.  *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  INTRODUCTION

Since 2006, Ron Glick has commenced several actions in this Court related to the same subject matters at issue in this case.  Those prior actions include the following:  *Glick v. Nezat*, CV 06-112-M-DWM-JCL; *Glick v. Nezatski*, CV 09-52-M-DWM-JCL, and *Glick v. Eleventh Judicial District Court of Montana*, CV 09-128-M-DWM-JCL.  The most recent of those three actions — *Glick v. Eleventh Judicial District Court of Montana* (*Glick I*) — involved the same subject matters that give rise to the allegations advanced by Glick in this case.  Ultimately, in *Glick I* the Court dismissed with prejudice Glick's claims against several of the Defendants in that case.

Glick appealed the dismissal of *Glick I* to the Ninth Circuit Court of Appeals.  On February 9, 2011, the Ninth Circuit dismissed the appeal for lack of jurisdiction because Glick's notice of appeal was not filed within 30 days of the Judgment entered October 29, 2010.  Dkt. 30.  Glick also filed a petition for a writ of certiorari with the United States Supreme Court, but the Court denied the petition on November 7, 2011.  Dkt. 33.

3

In this action, Glick again sues many of the same Defendants that he sued in *Glick I* and advances the identical claims against those Defendants that were dismissed with prejudice in *Glick I*.  For the reasons discussed below, Glick's claims against those Defendants are now barred from review.  Consequently, the Court will only review Glick's allegations and claims presented in this case to the extent they were not dismissed with prejudice in *Glick I*.

## III.  BACKGROUND

As in *Glick I*, Glick commenced this action against the above-named Defendants to address what he perceives as an ongoing effort by Defendants since 2003 to wrongfully "persecute" him, to "oppress and harm" him, and to deprive him of his various civil rights and personal property belongings.  Glick's alleged plight began in July, 2003, when he was accused of molesting the minor daughter of his ex-girlfriend, Defendant Mara Nezatski.  Although Glick continues to maintain his innocence, he was convicted of sexual assault in the Montana Eleventh Judicial District Court, Flathead County, in Kalispell, Montana.  He was sentenced on December 1, 2005, to 20 years in prison, with 15 years suspended.

Glick is presently on probation serving his 15-year suspended sentence.  He is supervised under the custody of the Montana Department of Adult Probation and Parole, and at least until October 2010, his supervising probation officer was

4

Defendant Dave Edwards.  Glick alleges this supervision was not specifically imposed by the court in his criminal case, and that Edwards engaged in certain conduct in violation of Glick's civil rights.  The details of Glick's allegations against Edwards will be addressed below.

Glick alleges that during the course of the criminal prosecution against him he was precluded from having access to bank accounts, as well as business and personal property items and records.  Glick previously operated a nonprofit youth recreation program, and in connection with that program he had acquired an inventory of various personal property items allegedly worth over one million dollars.  Glick states that Nezatski had possession of his belongings, but that she transferred possession of some or all of those assets to Defendant Tim Harris, and she improperly sold many of the assets.  Harris, in turn, allegedly damaged some of the property and transferred possession of other items to Defendant Special Friends Advocacy Program.

Defendant Gay Modrell, the Director of Special Friends Advocacy Program, contacted Glick and demanded that he retrieve his items of personal property.  Glick then arranged to have the property stored with Defendant Ray Evert, and Glick alleges Evert unlawfully seized the property for himself.

5

In 2007, Glick commenced an action in state court in Dawson County, Montana, against Nezatski, Harris, and Evert with respect to the loss of his personal property items.  Defendant Gregory Paskell, an attorney for another defendant in the referenced state court action, successfully moved to transfer Glick's action to the Montana Eleventh Judicial District Court in Kalispell.

Glick alleges various Defendants obstructed his access to his personal property assets, and obstructed his legal actions directed at recovering those assets, all in violation of his civil rights.  He alleges all Defendants have engaged in a "racketeering enterprise" or "activities" in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., with the intended purpose of preventing Glick from obtaining legal redress for his property losses.

The balance of Glick's 30-page Complaint delineates eight separate causes of action.  The causes of action are pled against all Defendants generally, and do not describe the specific acts or omissions of each Defendant which support each cause of action.

In his First Cause of Action, Glick alleges Defendants' actions violated his rights guaranteed under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

6

In his Second, Third, Fourth, Fifth, and Sixth Causes of Action, Glick alleges Defendants collaborated and colluded, either in a criminal racketeering enterprise, or under color of state law, to violate Glick's rights under the First, Fourth, and Fourteenth Amendments.  In his Seventh and Eighth Causes of Action, Glick seeks injunctive and prospective relief designed to prevent the Defendants from interfering with his pursuit of legal remedies in the future.

## IV.  APPLICABLE LAW

Because Glick is proceeding pro se the Court must construe his pleading liberally, and it is held "to less stringent standards than formal pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

28 U.S.C. § 1915(e)(2)(B)(ii) requires dismissal of an action that "fails to state a claim" for relief, and employs the same standard the courts use in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a

claim upon which relief can be granted. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal where the allegations of a pleading "fail[] to state a claim upon which relief can be granted." A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). In addressing a Rule 12(b)(6) challenge the court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). However, even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead initially. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Additionally, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The court's standard of review under Rule 12(b)(6) is informed by Fed. R.

Civ. P. 8(a)(2), which requires that a pleading "must contain a 'short and plain

statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting Rule 8).  Although

Rule 8(a)(2) does not require "detailed factual allegations", a plaintiff must set

forth more than bare allegations that the defendant unlawfully harmed the plaintiff.

*Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive dismissal under Rule 12(b)(6), "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft*, 556 U.S. at ___, 129 S. Ct. at 1949.

> A claim has facial plausibility when the plaintiff pleads factual content that
> allows the court to draw the reasonable inference that the defendant is liable
> for the misconduct alleged.

*Id*.  Plausibility does not equate with "probability", but it requires "more than a

sheer possibility that a defendant has acted unlawfully[,]" and factual allegations

"that are 'merely consistent with' a defendant's liability" do not cross the line

between possibility and plausibility.  *Id*.  Allegations which permit only an

inference of the "mere possibility of misconduct" do not "show[] that the pleader

is entitled to relief[.]"  *Ashcroft*, 556 U.S. at ___, 129 S. Ct. at 1950 (quoting Rule

8(a)(2)).  Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

## V.  DISCUSSION

### A.  Federal Judges

#### 1.  Disqualification Standards Under 28 U.S.C. § 455

At the outset, the Court notes that Glick has named the following three federal judges as Defendants in this lawsuit:  (1) United States District Judge Donald W. Molloy, (2) United States Magistrate Judge Keith Strong, and (3) the undersigned, United States Magistrate Judge Jeremiah C. Lynch.[1]  Judge Molloy, the presiding judge, referred the matter to the undersigned under authority of 28 U.S.C. § 636(b).

Generally, where a judge is named as a defendant in a proceeding to which the judge is assigned, federal law requires the judge to disqualify himself in the proceeding.  28 U.S.C. § 455(b)(5)(i).  The requirement, however, is not absolute. *See Horob v. Cebull*, 2011 WL 2607088, *1 n.1 (D. Mont. 2011).  Where a litigant vexatiously sues a judge and advances unfounded, spiteful, or frivolous allegations

---

[1]Glick also identified the "United States District Court — Montana District" as a Defendant in the caption of his Complaint.  He did not, however, assert any allegations against that entity in the body of his Complaint.  Therefore, the Court will not construe that entity as a Defendant named in this litigation.

10

against the judge, then the judge "has the duty to say, 'enough is enough.'"

*Mellow v. Sacramento County*, 2008 WL 2169447, *2 (E.D. Cal. 2008) (citing

*Town of Castle Rock, Colo. v. Gonzalez*, 545 U.S. 748, 761-62 (2005)

(recognizing that even mandatory requirements under the law are subject to

discretion under circumstances of "practical necessity")), report and

recommendation adopted by 2008 WL 3976873 (E.D. Cal. 2008), affirmed 365

Fed. Appx. 57 (9th Cir. 2010).  A judge may exercise discretion and refuse to

recuse himself in proceedings where a litigant is abusing the judicial system.

*Mellow*, 2008 WL 2169447 at *2.  "A judge is not disqualified by a litigant's suit

or threatened suit against him [in the context of scurrilous attacks]."  *United States*

*v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986).  Thus, "where the allegations are so

palpably lacking in merit and integrity, the judge may, and should, remain in the

case to deal with the spiteful plaintiff."  *Mellow*, 2008 WL 2169447 at *3 (citing

*Davis v. Kvalheim*, 2007 WL 1602369, *3 (M.D. Fla. 2007)).  Otherwise, a litigant

would have the ability to improperly manipulate the judicial system.

Glick's allegations against Judge Molloy and myself are barred by the

doctrine of judicial immunity and, thus, are frivolous.  Therefore, I will exercise

the discretion recognized under 28 U.S.C. § 455(b)(5)(i), and I refuse to disqualify

myself in this proceeding.

2. **Judicial Immunity**

Glick's allegations in this case advanced against United States District Judge Donald Molloy, United States Magistrate Judge Keith Strong, and myself stem from our respective conduct in cases Glick previously litigated in this Court identified by the following cause numbers:  CV 06-112-M-DWM-JCL, CV 07-39-H-DWM-RKS, CV 07-41-H-DWM-RKS, CV 09-52-M-DWM-JCL, CV 09-128-M-DWM-JCL, and  CV 10-103-M-DWM-JCL.  Glick alleges we issued rulings and orders unlawfully dismissing those actions, allegedly contrary to the law that was applicable in those cases.  Consequently, Glick also alleges each of us thereby engaged in a "racketeering enterprise" in violation of RICO.

Judges are "absolutely immune for judicial acts."  *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).  *See also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  The doctrine of judicial immunity provides an immunity from suit, not just from an assessment of damages.  *Mireles*, 502 U.S. at 11.  Exceptions to judicial immunity exist only where the judge's actions were not taken in the judge's judicial capacity (*Mireles*, 502 U.S. at 11), or where the judge has acted "in the 'clear absence of all jurisdiction[.]' "  *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) and *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)).

Glick's allegations state only that he is dissatisfied with the course of his prior legal actions in this Court, and the ultimate dismissal of those proceedings. A judge's role in presiding over judicial proceedings requires the judge to engage in conduct "normally performed by a judge" with respect to parties who have "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Glick's allegations merely describe judicial rulings and actions that qualify as normal "judicial acts" committed by the three Federal Judges in their judicial capacities. Therefore, the individual Federal Judges are entitled to immunity from suit.

The Court recognizes judicial immunity does not always extend to claims for injunctive or declaratory relief. "[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).

Here, Glick's allegations against Judge Molloy, Judge Strong and myself pertain only to our prior conduct in the referenced cases. Those cases are all now dismissed and are no longer pending. Consequently, prospective injunctive relief could not be granted with respect to those closed cases.

Based on the foregoing, Glick's claims against Judge Molloy, Judge Strong and myself should be dismissed.

13

## B.  Defendants Dismissed with Prejudice in *Glick I*

Several of the Defendants Glick sues in this action were dismissed with prejudice in *Glick I*.  Those Defendants are (1) Stuart Stadler, (2) Katherine Curtis, (3) Ted Lympus, (4) Heidi Ulbricht. (5) the Montana Supreme Court, (6) the Eleventh Judicial District Court of Montana, (7) the Montana Office of Disciplinary Counsel, and (8) Peg Allison.  A comprehensive review of the allegations advanced by Glick in this case against these Defendants reflects that they are identical to the allegations Glick pled against those Defendants in *Glick I*.

Glick's claims against the eight Defendants were dismissed with prejudice in *Glick I*.  Defendants Stadler, Curtis, Lympus, and Ulbricht are judges in the courts of the State of Montana, and were dismissed in *Glick I* on the ground that Glick's claims against them were barred by the doctrine of judicial immunity under *Simmons* and *Mireles*, supra.  *Glick v. Eleventh Judicial District Court of Montana*, 2010 WL 4392563, *6 (D. Mont. February 23, 2010), findings and recommendation adopted by 2010 WL 4392549, *3 (D. Mont. March 26, 2010).

Defendants Montana Supreme Court, the Eleventh Judicial District Court of Montana, and the Montana Office of Disciplinary Counsel were dismissed in *Glick I* because those entities were immune from suit in federal court under the Eleventh Amendment to the United States Constitution as recognized in *Seven Up Pete*

14

*Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)).  *Glick*, 2010 WL 4392563 at *7, findings and recommendation adopted by 2010 WL 4392549 at *3.

Finally, Glick's claims against Defendant Peg Allison were also dismissed on their merits.  The Court concluded Glick's allegations failed to state viable claims for the denial of his right of access to the courts protected under the First Amendment to the United States Constitution (*see Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002)), or for the denial of his due process rights under the Due Process Clause of the Fourteenth Amendment (*see Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).  *Glick*, 2010 WL 4392563 at *9-10, findings and recommendation adopted by 2010 WL 4392549 at *3.

In view of the prior dismissal of Glick's claims against the eight Defendants in *Glick I*, for the reasons discussed Glick's allegations advanced against them in this action are barred by the doctrine of res judicata.  Res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  The doctrine "applies when there is '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.'"  *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960,

15

968 (9th Cir. 2010) (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)).

The Ninth Circuit Court of Appeals has identified four factors for the courts to consider in determining whether there exists an "identity of claims." Those factors are as follows:

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*ProShipLine Inc.*, 609 F.3d at 968 (quoting *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)).

The subject of this action is identical to the subject of Glick's allegations in *Glick I*. Both actions arise from an identical nucleus of facts, and Glick alleges Defendants infringed the same rights in both actions. The evidence that would have been presented in *Glick I* is the same as that which would be presented in this case, and Defendants' interests in the dismissal of the claims in *Glick I* would be destroyed by the continued prosecution of this case.

Comparing the allegations made by Glick in this case to his allegations in *Glick I* confirms that the requisite identity of claims, and identity or privity between parties exists in the two cases. Furthermore, a final judgment on the

merits was issued in *Glick I* on October 29, 2011, with respect to the eight

Defendants identified above, and Glick's appeal of that dismissal was dismissed.

Therefore, the Court concludes Glick's claims against those Defendants in this

action are barred by the doctrine of res judicata, and should be dismissed.

### C. <u>Defendant Dave Edwards</u>

Defendant Dave Edwards is the probation officer who supervised Glick

from the time of his release from incarceration until October 2010.[2]  Glick

advances numerous claims against Edwards for violations of his constitutional

rights.

First, Glick alleges Edwards unlawfully imposed additional restrictions on

Glick's probation, and required Glick to attend sex offender therapy — a condition

that allegedly was not order by the sentencing court.

Second, Glick alleges Edwards retaliated against him for his pursuit of his

civil legal remedies for the recovery of his personal property, and for pursuit of his

claims for post-conviction relief.  Edwards allegedly retaliated by threatening to

revoke Glick's probation.  When Glick filed a habeas corpus petition challenging

his term of supervised probation, Edwards responded by improperly revoking

---

[2]Glick, however, alleges his criminal sentence did not impose a term of
supervised probation.

Glick's probation on April 23, 2009.  Glick alleges his probation was revoked "for allegedly violating terms of probation that were later dismissed[,]" and ultimately those revocation proceedings were dismissed.  Dkt. 2 at ¶¶ 67-68.  Nonetheless, Edwards incarcerated Glick for six weeks during those revocation proceedings. Glick alleges he lives under a continued threat that Edwards will revoke his probation if Glick pursues his various legal claims.

Third, Glick alleges Edwards engaged in certain retaliatory activities for the purpose of obstructing Glick's legal efforts to recover his personal property belongings.  When Glick filed a complaint against Edwards for allegedly exceeding his authority over Glick, Edwards caused Nezatski to be fearful of Glick, and he convinced her to apply for a restraining order against Glick in the Kalispell Municipal Court in April 2009.  Glick alleges Nezatski's application was based on false or perjured testimony.

Fourth, Glick alleges that in November 2009 Edwards seized Glick's laptop computer from Glick's home, and conducted an unlawful search of the computer without a warrant.  Although Edwards did not find any evidence of any probation violations, he retained possession of the computer for two months.  Ultimately, however, the Montana Department of Corrections directed Edwards to return the computer to Glick.

18

Fifth, Glick alleges Edwards again retaliated against him after Edwards returned the computer by unlawfully imposing additional conditions on Glick's probation.  Those conditions included restrictions on Glick's ability to go to movie theaters and fast food restaurants, and the conditions required Glick to attend physical therapy, and sign a "No Contact Contract."  Edwards then unlawfully obtained an amendment to Glick's criminal sentence enforcing the referenced additional conditions.

Finally, Glick asserts that Edwards' conduct and his interference with Glick's legal proceedings constituted racketeering activities in violation of RICO.

Glick alleges generally that Edwards' conduct violated his constitutional rights.  Those claims would be cognizable, if at all, under 42 U.S.C. § 1983 which states, in part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983.  Section 1983 is the vehicle through which a plaintiff can present claims under federal law against a state official or employee if the plaintiff can establish that the official or employee was acting under color of state law and

deprived the plaintiff of a federal right. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

1. **Fourteenth Amendment - Due Process - Probation Conditions**

Glick claims Edwards unlawfully imposed various conditions on his probation as described above. That claim implicates Glick's due process rights under the Fourteenth Amendment to the United States Constitution. The allegations, however, fail to state a claim for relief.

The Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. To succeed on a procedural due process claim, "the plaintiff must establish the existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). Fundamentally, due process affords a person a right to notice and a hearing before the State can deprive the person of life, liberty, or property. *Zinermon v. Burch*, 494 U.S. 113, 127-28 (1990).

Not all procedural due process claims, however, can proceed in federal court. Specifically, a procedurally unauthorized deprivation of liberty or property

20

"by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "[W]hen deprivations of property [or liberty] are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur." *Hudson*, 468 U.S. at 533.[3] "The controlling inquiry is solely whether the state is in a position to provide for predeprivation process[,]" not whether the individual employee is in a position to afford a person the requisite process before the deprivation occurs. *Hudson*, 468 U.S. at 534.

Glick asserts that Edwards' conduct in imposing additional conditions on Glick's probation was unauthorized. Thus, according to Glick, the State of Montana was not in a position to provide a predeprivation process for the alleged deprivations of his liberty. Glick, however, has postdeprivation remedies available to him under the laws of the State of Montana including, at a minimum, remedies available under the Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-301 through 318. Consequently, the Court concludes that Glick's allegations

---

[3]The rule barring procedural due process claims in federal court when a meaningful postdeprivation remedy exists applies to deprivations of both liberty and property interests. *Zinermon v. Burch*, 494 U.S. 113, 131-32 (1990).

21

regarding the unauthorized conditions that Edwards imposed on his probation

qualify as a procedural due process claim that is barred from review in federal

court under *Hudson*.  Therefore, the claim should be dismissed.

## 2.  **First Amendment - Retaliation**

Glick alleges Edwards retaliated against him because he pursued legal

claims for the recovery of his personal property, and for post-conviction relief.

For the reasons stated below, the Court concludes Glick's allegations survive

dismissal.

The First Amendment to the United States Constitution prohibits state

actors from retaliating against individuals for engaging in constitutionally

protected activities.  *Blair v. Bethel School District*, 608 F.3d 540, 543 (9th Cir.

2010).

> To recover under § 1983 for such retaliation, a plaintiff must prove: (1) he
> engaged in constitutionally protected activity; (2) as a result, he was
> subjected to adverse action by the defendant that would chill a person of
> ordinary firmness from continuing to engage in the protected activity; and
> (3) there was a substantial causal relationship between the constitutionally
> protected activity and the adverse action.

*Blair*, 608 F.3d at 543 (citing *Pinard v. Clatskanie School Dist. 6J*, 467 F.3d 755,

770 (9th Cir. 2006.  The alleged adverse action need only be one "that is

reasonably likely to deter" a plaintiff from engaging in constitutionally protected

22

activity. *Blair*, 608 F.3d at 543 n.1 (citation omitted).  A defendant's retaliatory intent to chill a plaintiff's conduct, however, must be the but-for cause of the alleged retaliatory action. *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900-901 (9th Cir. 2008).

For purposes of Glick's retaliation claim, the Court finds his Complaint sufficiently alleges he was engaged in constitutionally protected activity.  The First Amendment affords an individual a right "to petition the Government for a redress of grievances."  U.S. Const. Amend. I.  An individual has a constitutionally protected right of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002).  Thus, Glick's pursuit of his legal remedies as alleged in his Complaint was protected conduct.  Consequently, with liberal construction of Glick's allegations, at this stage of these proceedings the Court cannot conclude that Glick's Complaint fails to state a claim for retaliation under the elements set forth above.  The Court will order service of this claim on Edwards.

### 3.  Fourth Amendment - Search and Seizure

Glick alleges Edwards violated his rights under the Fourth Amendment to the United States Constitution when he seized and searched Glick's laptop

computer.  Again, for the reasons stated below, that claim survives dismissal at this time.

The Fourth Amendment protects citizens "against unreasonable searches and seizures[.]"  U.S. Const. Amend. IV.  The touchstone for the analysis of an alleged Fourth Amendment violation is the reasonableness of all the circumstances, and requires a balancing of the intrusion on an individual's privacy against the need for the promotion of legitimate governmental interests.  *United States v. Knights*, 534 U.S. 112, 118-119 (2001) (quotations and citation omitted).  An individual on probation, however, does not enjoy the absolute right to liberty to which other free citizens are entitled.  *Id.* 534 U.S. at 119.  Thus, a criminal sentencing court may properly impose reasonable conditions on a defendant's term of probation that deprive the defendant of certain liberties.  *Id.*

Under the circumstances of this case, the analysis of Glick's claim under the Fourth Amendment turns on the express terms of his probation.  Where a sentencing court expressly imposes a condition on a probationer requiring him to submit to a search, with or without a warrant, and with or without probable cause or reasonable suspicion, and where the probationer was "unambiguously informed" of the condition, then the condition properly and "significantly diminishe[s a probationer's] reasonable expectation of privacy."  *Knights*, 534

24

U.S. at 119-120.  Thus, where a search condition is imposed upon an individual's term of probation, then even "a suspicionless search of [either] a parolee [or a probationer] does not violate the Fourth Amendment."  *United States v. Baker*, 658 F.3d 1050, 1055-56 (9th Cir. 2011) (citing *Samson v. California*, 547 U.S. 843, 846 (2006); *Motley v. Parks*, 432 F.3d 1072, 1083 n.9 (9th Cir. 2005) (en banc); and *Sanchez v. Canales*, 574 F.3d 1169, 1174 & n.3 (9th Cir. 2009)).

The Court recognizes that with respect to Glick's 15-year suspended sentence, Montana law permitted the sentencing court to impose conditions on Glick's probation.  Mont. Code Ann. § 46-18-201(4)(c).  The standard conditions of probation that may be imposed on an individual include the following:

> Upon reasonable suspicion that the offender has violated the conditions of supervision, a probation and parole officer may search the person, vehicle, and residence of the offender, and the offender must submit to such search.

Admin. R. Mont. 20.7.1101(7).

At this stage of this action, the record does not reflect whether Glick's suspended sentence and probation are subject to the referenced condition requiring him to submit to a search of his home and personal property.  Consequently, the Court cannot conclude that Glick's allegations fail to state a claim for relief under the Fourth Amendment, and the Court will order service of this claim on Edwards.

25

**D.**   **Defendants Mara Nezatski, Tim Harris, Ray Evert, Special**
**Friends Advocacy Program, Gay Modrell, and Gregory Paskell**

Defendants Mara Nezatski, Tim Harris, Ray Evert, Special Friends

Advocacy Program, Gay Modrell, and Gregory Paskell (Private Party Defendants)

are all private individuals or entities from whom Glick has allegedly attempted to

recover his personal property belongings.  Glick alleges they are liable to him

under 42 U.S.C. § 1983, and for violations of RICO.  The Court concludes,

however, that neither claim survives dismissal.

As previously discussed, 42 U.S.C. § 1983 permits a plaintiff to advance

claims under federal law against a state official or employee if the plaintiff can

establish that the official or employee was acting under color of state law and

deprived the plaintiff of a federal right.  *Kirtley v. Rainey*, 326 F.3d 1088, 1092

(9th Cir. 2003).  Section 1983, however, does not generally apply to the conduct of

private parties.  *Kirtley*, 326 F.3d at 1092.  "The state-action element in § 1983

'excludes from its reach merely private conduct, no matter how discriminatory or

wrongful.'"  *Caviness v. Horizon Community Learning Center, Inc.*, 590 F.3d 806,

812 (9th Cir. 2010) (quoting *American Manufacturers Mut. Ins. Co. v. Sullivan*,

526 U.S. 40, 50 (1999)).

It is only in limited circumstances that a private party's conduct may

constitute state action for purposes of imposing liability on a private party under

section 1983.  The Ninth Circuit Court of Appeals has recognized the following

four tests used to identify private action that qualifies as state action:  "(1) public

function; (2) joint action; (3) governmental compulsion or coercion; and (4)

governmental nexus."  *Kirtley*, 326 F.3d at 1092 (quotation omitted).  The

fundamental consideration in each test is whether the private conduct is fairly

attributable to the state.  *Id*.  A plaintiff bears the burden of establishing that a

particular defendant was a state actor under any applicable test.  *Florer v.*

*Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9ᵗʰ Cir. 2011).

## 1.  Public Function

Under the public function test, a private actor's conduct qualifies as state

action where the private actor is endowed with state powers or functions that are

traditionally and exclusively governmental in nature.  *Kirtley*, 326 F.3d at 1092.

Here, Glick does not present any allegations plausibly suggesting that the

public function test is satisfied under the circumstances of this case.  There exist

no plausible factual allegations indicating that the Private Party Defendants named

in this action were actually exercising any right or privilege under state authority

such that they were "clothed with the authority of state law" in the performance of

their activities, or that those activities were "both traditionally and exclusively

governmental." *See Villegas v. Gilroy Garlic Festival Association*, 541 F.3d 950,

955 and n.2 (9th Cir. 2008) and *West v. Atkins*, 487 U.S. 42, 49 (1988).

## 2. <u>Joint Action</u>

A private individual may also "be liable under § 1983 if she conspired or

entered joint action with a state actor." *Crowe v. County of San Diego*, 608 F.3d

406, 440 (9th Cir. 2010) (quoting *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.

2002)).  Joint action may exist where "the state has so far insinuated itself into a

position of interdependence with the private entity that it must be recognized as a

joint participant in the challenged activity." *Florer v. Congregation Pidyon*

*Shevuyim, N.A.*, 639 F.3d 916, 926 (9th Cir. 2011).  Joint action requires willful

joint participation between the state and private actors wherein "the state

knowingly accepts the benefits derived from unconstitutional behavior." *Id*.

(citations and quotations omitted).

Here, Glick's Complaint does not contain any factual allegations suggesting

it is plausible that the Private Party Defendants engaged in joint action with any

state actor under the standards set forth above.

Alternatively, a viable claim of a conspiracy thereby subjecting a private

actor to liability for a violation of plaintiff's constitutional rights requires facts

that establish "'the existence of an agreement or meeting of the minds' to violate constitutional rights." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1282, 1301 (9th Cir. 1999)).  A plaintiff must present factual allegations demonstrating it is plausible that each participant "share[d] the common objective of the conspiracy" — the objective to engage in unconstitutional conduct.  *Crowe*, 608 F.3d at 440 (quoting *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989) (en banc)).

Glick makes only conclusory allegations advancing the bare assertion that the Private Party Defendants conspired or colluded to violate his civil rights. There are no allegations in Glick's Complaint indicating that the Private Party Defendants actually agreed to engage in unconstitutional conduct.  Glick's bare conclusory allegations and speculation are not supported by any facts sufficient to establish it is plausible that a conspiracy existed.

### 3.  Government Compulsion or Coercion

The compulsion or coercion test considers whether the state has coercively influenced or significantly encouraged private conduct.  *Kirtley*, 326 F.3d at 1094. Here, Glick does not plead any factual allegations that plausibly suggest that any

29

state actor compelled or coerced any of the Private Party Defendants to violate any of Glick's constitutional rights.

### 4. **Governmental Nexus**

A private party's conduct may be deemed state action if "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley*, 326 F.3d at 1095 (quoting *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.*, 531 U.S. 288, 295 (2001)).  The nexus test generally requires evidence that the private actor is "'entwined with governmental policies,' or [...that the] government is 'entwined in [the private actor's] management or control[.]'" *Brentwood Academy*, 531 U.S. at 296 (citations omitted).

The Ninth Circuit has identified various factors to consider in determining whether there is a "close nexus" as follows:  "(1) the organization is mostly comprised of state institutions; (2) state officials dominate decision making of the organization; (3) the organization's funds are largely generated by the state institutions; and (4) the organization is acting in lieu of a traditional state actor." *Villegas*, 541 F.3d at 955.

Glick does not include any factual allegations in his Complaint that speak to the foregoing factors.  Thus, Glick's allegations fail to plead the existence of a

close governmental nexus as required to support a § 1983 claim against the Private Party Defendants.

For all of the reasons stated, the Court is compelled to conclude that the Private Party Defendants' conduct at issue in this case cannot be deemed to have been committed under color of state law under any of the four tests discussed above. Consequently, Glick's claims advanced against them under 42 U.S.C. § 1983 should be dismissed.

## E.  Claims Under RICO

Glick alleges generally that all Defendants are liable for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.  "To state a civil claim for a RICO violation under 18 U.S.C. § 1962(c), a plaintiff must show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)).

Each of the foregoing elements under RICO requires additional factual allegations.  Conduct that qualifies as a "racketeering activity" must be conduct that constitutes one of the specific enumerated acts of criminal conduct identified in 18 U.S.C. § 1961(1).  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th

31

Cir. 2004) (citing *Schreiber Distributing Company v. Serv-Well Furniture Company, Inc.*, 806 F.2d 1393, 1399 (9th Cir. 1986)).

A "pattern of racketeering activity" under RICO similarly requires unique factual allegations.  A pattern "requires at least two acts of racketeering activity" within a ten-year period of time.  18 U.S.C. § 1961(5); *United States v. Fernandez*, 388 F.3d 1199, 1221 (9th Cir. 2004).  The allegations must also establish that the two predicate acts are sufficiently "related, *and* that they amount to or pose a threat of continued criminal activity."  *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989) (emphasis in original).  *See also Fernandez*, 388 F.3d at 1221 n.11.

The "enterprise" element under RICO contemplates an entity that is separate and apart from the "pattern of racketeering activity" in which it engages.  *Odom v. Microsoft Corporation*, 486 F.3d 541, 549 (9th Cir. 2007) (citing *United States v. Turkette*, 452 U.S. 576, 583 (1981)).  For a defendant to qualify as an "enterprise," a plaintiff must plead factual allegations reflecting the existence of "a group of persons associated together for a common purpose of engaging in a course of conduct[,]" and that the group is "an ongoing organization" whose "associates function as a continuing unit."  *Odom*, 486 F.3d at 552 (quoting *Turkette*, 452 U.S. at 583).  Each of those elements, in turn, requires supporting factual allegations.

32

Glick's allegations in his Complaint are conclusory and do not plausibly establish any of the requisite elements of a RICO claim.  Although Glick alleges throughout his Complaint that Defendants engaged in "racketeering activities," he does not plead any factual allegations identifying a specific qualifying criminal activity as defined under 18 U.S.C. § 1961(1), and he does not advance allegations plausibly suggesting the requisite "pattern" existed.  Additionally, Glick does not set forth any factual allegations establishing it is plausible that an "enterprise" exists as required under RICO.  In sum, Glick's conclusory and bare allegations of RICO violations do not rise to the level of any plausible and viable RICO claim, and the claim against all Defendants should be dismissed.  *See Hanson v. Metzger*, 2010 WL 1416073, *2 (D. Mont. 2010), findings and recommendations adopted by 2010 WL 1377183 (D. Mont. 2010) (dismissing conclusory RICO allegations).

## F.  Injunctive Relief - Seventh Cause of Action

In his Seventh Cause of Action, Glick requests injunctive relief barring any Defendant from controlling any of Glick's witnesses in his legal proceedings, and "remanding" all of Glick's present or future litigation proceedings to this Court. The requests lack merit.

Existing Montana law and federal law prohibit a person from "tampering" with a witness relative to official proceedings.  Mont. Code Ann. §§ 45-7-206 and

33

45-2-101 (defining "official proceeding"); 18 U.S.C. § 1512.  Thus, Glick's claim

seeks an injunction requiring Defendants to comply with the law.  But,

"[i]njunctions that broadly order the enjoined party simply to obey the law [...] are

generally impermissible."  *Rocky Mountain Christian Church v. Board of County*

*Commissioners of Boulder County*, 612 F. Supp. 2d 1157, 1161 (D. Colo. 2009)

(quoting *N.L.R.B. v. U.S. Postal Service*, 486 F.3d 683, 691 (10th Cir. 2007)

(Tymkovich, J. concurring and citing cases)).  The courts lack authority to impose

injunctive relief which broadly requires a person to simply obey the law.  *See*

*N.L.R.B. v. Express Publishing Co.*, 312 U.S. 426, 435-36 (1941).

    With respect to Glick's request that all of his legal proceedings be

"remanded" to this Court, there exists no legal authority to order such relief.

Therefore, that claim for injunctive relief should also be denied.

    **G.  Eighth Cause of Action**

    Glick's Eighth Cause of Action seeks to reserve any claims he may have for

any unknown, or future conduct committed by Defendants.  The Court finds that

the claim is an unnecessary, preemptory reservation of rights.  If Glick later

discovers any unknown claims, or if any future events occur that may give rise to a

new claim, then he may seek to amend his pleading as provided under Fed. R. Civ.

34

P. 15(a) or (d).  In the meantime, Glick's claim is premature and insufficient to state a claim for relief, and should be dismissed.

### H.  Dismissal Without Leave to Amend

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). But, where a court previously notified a litigant of deficiencies in his allegations, and afforded the litigant an opportunity to amend the claims, if the litigant files an amended pleading which fails to cure the defects identified by the court, then the court may conclude that the deficiencies cannot be cured by further amendment and the court need not afford the litigant an additional opportunity to amend. *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008).  A "repeated failure to cure deficiencies by amendments" is sufficient to justify a dismissal without leave to amend.  *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Glick's procedural due process claim under the Fourteenth Amendment against Edwards is the same claim Glick asserted against Edwards in *Glick I*. There the Court identified the deficiencies in Glick's due process claim, and gave

him an opportunity to file an amended complaint to cure the noted defects. *Glick v. Eleventh Judicial District Court of Montana*, 2010 WL 4392563, *9 (D. Mont. February 23, 2010). Glick never filed an amended complaint in *Glick I*, and that claim was dismissed without prejudice. *Glick v. Eleventh Judicial District Court of Montana*, 2010 WL 4392508, *1 (D. Mont. October 26, 2010). Having been previously notified of the deficiencies in his due process claim, and having failed to cure those defects in his complaint filed in this action, the Court deems it appropriate to recommend dismissal of that due process claim without leave to amend.

With respect to Glick's claims against all the remaining Defendants, the Court concludes the defects in those claims could not be cured by amendment. First, Glick's claims against the Federal Judges are barred by judicial immunity, and under the circumstances of this case as pled by Glick there exists no set of facts that could be pled to state a viable claim that would avoid that judicial immunity. Second, Glick's claims against eight of the Defendants are firmly barred by the doctrine of res judicata, and it is absolutely clear that a dismissal under that doctrine could not be avoided by pleading any additional facts. Third, Glick's claims against the Private Party Defendants unavoidably fail to state any claim for relief under 42 U.S.C. § 1983 because under the circumstances of this

36

case those individuals are private actors, not state actors, and are not subject to liability under § 1983. Finally, Glick's allegations wholly fail to state any plausible claim for relief under RICO, and the circumstances as alleged by Glick do not lead the Court to believe that he could cure the defects in his RICO claims. Thus, the Court recommends dismissal of Glick's claims without leave to amend.

## VI.  CONCLUSION

Based on the foregoing, the Court finds that most of Glick's claims are subject to dismissal because they either seek relief from certain Defendants who are immune from liability, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii). Two of Glick's claims advanced against Defendant Dave Edwards, however, will require a response from Edwards.

Therefore, IT IS HEREBY ORDERED that Glick's claims alleging that Edwards violated his rights under the First and Fourth Amendments to the United States Constitution based on Edward's alleged retaliatory conduct and his alleged unlawful search and seizure of Glick's laptop computer will be served on Edwards as required below.

IT IS RECOMMENDED, however, that all of Glick's other claims, and all other Defendants named by Glick in this action should be DISMISSED.

37

Pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the Court

further enters the following:

## ORDER

**1.**  Pursuant to Fed. R. Civ. P. 4(d), the Court requests Defendant Dave

Edwards waive service of summons by executing the attached Waiver of Service

of Summons.

The Waiver must be returned to the Court within thirty (30) days of the

entry date reflected on the Notice of Electronic Filing for this Order.  If Edwards

accepts service and returns the Waiver of Service of Summons, an answer or

appropriate motion will be due within 60 days after this request for waiver was

sent as reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.

R. Civ. P. 12(a)(1)(A)(ii).

The Clerk of Court shall forward the documents listed below to:

> Dave Edwards
> c/o Montana Probation and Parole Office
> 575 Sunset Boulevard, #208
> Kalispell, MT 59901

> \*      this Order;
> \*      a Notice of Lawsuit & Request to Waive Service of Summons;
> \*      a Waiver of Service of Summons; and
> \*      Glick's Complaint filed December 15, 2011.

**2.**   Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed.  *See* D. Mont. L.R. 12.2.

**3.**   Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

**4.**   Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court as required by Fed. R. Civ. P. 5(d).  The certificate of service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

**5.**   Glick shall not make any motion for default until at least seventy (70) days after the date of this Order.

**6.**  Glick shall notify the Court immediately if his address changes.  Failure to do so may be cause for dismissal of this case without further notice.

**7.**  Glick is advised that his failure to comply with the Court's orders may result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  Glick is advised that the Court may dismiss this case under Rule 41(b) on its own motion without awaiting a defense motion.  *See, e.g.*, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 26th day of January, 2012.

 /s/ Jeremiah C. Lynch_____
Jeremiah C. Lynch
United States Magistrate Judge