

FILED

APR 0 5 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| RON GLICK, | ) | CV 11-168-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD MOLLOY, JEREMIAH LYNCH, KEITH STRONG, UNITED STATES DISTRICT COURT - MONTANA DISTRICT, ELEVENTH JUDICIAL DISTRICT COURT OF MONTANA, PEG ALLISON, STUART STADLER, KATHERINE CURTIS, TED LYMPUS, MARA NEZATSKI, aka Mara Pelton, TIM HARRIS, RAY EVERT, SPECIAL FRIENDS ADVOCACY PROGRAM, GAY MODRELL, GREGORY PASKELL, MONTANA SUPREME COURT, MONTANA OFFICE OF DISCIPLINARY COUNSEL, DAVE EDWARDS, HEIDI ULBRICHT, and DOES ONE through FIFTY, | ) | |
| Defendants. | ) | |

Plaintiff Ron Glick, proceeding pro se, filed this action on December 15,

1

2011. United States Magistrate Judge Jeremiah C. Lynch recommends dismissing all of Glick's claims, except certain specified claims against Defendant Dave Edwards. The Court agrees and adopts Judge Lynch's Findings and Recommendations in full.

## BACKGROUND

This matter was referred to Magistrate Judge Lynch under 28 U.S.C. § 636(b). Judge Lynch found that most of Glick's claims are subject to dismissal because they either seek relief from certain Defendants who are immune from liability, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii). Judge Lynch did find, however, that two of Glick's claims advanced against Defendant Dave Edwards required a response from Edwards. Although Glick filed his objections past the 28 U.S.C. § 636(b) deadline, the Court grants Glick's motion to extend his filing deadline (doc. 12).

Construing Glick's objections liberally, the Court finds that Glick objected to all of Judge Lynch's findings and recommendations and is thus entitled to *de novo* review of those findings and recommendations. 28 U.S.C. § 636(b)(1). Because the parties are familiar with the facts of this case, they are restated here only as necessary to explain the Court's decision.

## ANALYSIS

Glick raises eight claims in his 30-page complaint. His first claim asserts that the Defendants generally violated his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. His second through sixth claims assert that the Defendants conspired to violate Glick's rights under the First, Fourth, and Fourteenth Amendments either through a criminal racketeering enterprise or under the color of state law. His seventh claim seeks an injunction to prevent Defendants from tampering with witnesses in his legal proceedings and an injunction to transfer all his pending and future legal proceedings to this Court. Finally, in his eighth claim, Glick seeks to reserve his right to add claims and parties as they come to light during the discovery process.

## I. Legal Standards

Because Glick is proceeding pro se, the Court construes his complaint liberally, holding it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court must conduct a preliminary screening to ensure that Glick's complaint states a claim upon which relief may be granted, does not seek monetary relief against a defendant who is immune from such relief, and is not frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B).

A complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil

Procedure—the requirement that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). It must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted). While the "plausibility standard" does not require "detailed factual allegations" to state a claim, it does require more than a bare, "the-defendant-unlawfully-harmed-me accusation" before "unlock[ing] the doors of discovery" to the plaintiff. *Id.* at 1949–1950. The Court may not add factual content that was not pled, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

## II. Recusal of Judge Lynch and Judge Molloy

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Typically, this includes cases in which the judge is named as a defendant. 28 U.S.C. § 455(b)(5)(i). However, many courts have recognized practical exceptions to this rule, including the Ninth Circuit. *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him [in the context of scurrilous attacks.]"). The alleged bias must stem from an "extrajudicial source" unless "opinions formed by the judge on the basis

4

of facts introduced or events occurring in the course of the prior proceedings . . . display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Litely v. United States*, 510 U.S. 540, 554–56 (1994).

The crux of Glick's complaint against us is that we ruled against him in his prior lawsuits regarding the same subject matter that is presented in this case. After this Court dismissed his last lawsuit, Glick moved to amend his complaint to include Judge Lynch and the undersigned as Defendants. As Glick acknowledges, it was our rulings that prompted him to add us as defendants (doc. 5 at 4). However, as is evident in my previous orders, I have never demonstrated any antagonism toward Glick or deep-seated favoritism to other parties. Accordingly, the motion to disqualify me is denied.

## III. Judicial Immunity

Glick objects to Judge Lynch's finding that judicial immunity bars his lawsuit against United States Magistrate Judge Strong, United States Magistrate Judge Lynch, and the undersigned. Glick's complaint alleges that we have engaged in a "racketeering enterprise" by dismissing the six lawsuits he has filed since 2005, in defiance of well-established precedent.

Since 1872, federal law has recognized judges' absolute immunity for their "judicial acts." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978). This "well-

established" principle reflects that it is of the "highest importance" that a judge carry out his or her authority without apprehension of personal consequences. *Id.*; *see also Bradley v. Fisher*, 80 U.S. 335, 347 (1872). The Supreme Court has articulated two exceptions to this general rule of immunity: (1) where the judge is not performing a "judicial act" (e.g., negligently causing a car accident) or (2) where the judge has acted "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam). A judge is liable only for actions taken in the "clear absence of all jurisdiction over the *subject matter*," and is not liable for actions taken only in "excess of jurisdiction." *Bradley*, 80 U.S. at 351 (emphasis added). Here, our prior rulings are quintessential "judicial acts." Therefore, in order to pierce judicial immunity, Glick must plead facts that, taken as true, demonstrate that we acted in complete absence of subject-matter jurisdiction.

Here, 28 U.S.C. § 1331 confers subject-matter jurisdiction to this Court because RICO, the federal Constitution, and 42 U.S.C. § 1983 raise questions of federal law. Glick alleges we defied well-established precedent in ruling against him, but that does not establish lack of subject-matter jurisdiction, and those alleged errors of law could be corrected on appeal. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (reasoning that under the principles of judicial immunity, the proper

remedy for an unlawful ruling is an appeal).

Judge Lynch correctly found that injunctive and declaratory relief cannot be granted against the federal judge Defendants because Glick does not seek prospective relief. Though "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her capacity," *Pulliam v. Allen*, 466 U.S. 522, 541–542 (1984), Glick is seeking retroactive relief—namely, to "have the subject matter of the prior cases reviewed and overturned." (Doc. 5 at 4.) Prospective injunctive relief could not be granted with respect to those closed cases.

## II. Defendants That Were Dismissed with Prejudice in *Glick I*

Glick is now suing many of the same Defendants he sued in *Glick v. Eleventh Judicial District Court*, 2010 WL 4392549, at *3 (D. Mont. Mar. 26, 2010) (hereinafter *Glick I*). In that case, the claims against Stuart Stadler, Katherine Curtis, Ted Lympus, Heidi Ulbricht, the Montana Supreme Court, the Eleventh Judicial District of Montana, the Montana Office of Disciplinary Counsel, and Peg Allison were dismissed with prejudice. Glick now objects to Judge Lynch's finding that the doctrine of res judicata bars him from suing these defendants in the above-captioned action.

The doctrine of res judicata "relieve[s] parties of the cost and vexation of

multiple lawsuits," by preventing parties from relitigating issues that were raised in a previous action where there had been a final judgement on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

The Court agrees with Judge Lynch that the claims here and in *Glick I* are the same. *See ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960 (9th Cir. 1010)(describing four-factor test for finding an identity of claims). A review of Glick's complaint and objections confirm that this case involves identical subject matter, arising from the same nucleus of facts. The repose the Court awarded to the Defendants through dismissal would be destroyed if these claims were to proceed. Additionally, Glick is seeking to vindicate the same rights involved in *Glick I*.

*Glick I* was also a final judgment on the merits as to the claims against the eight Defendants mentioned above. The Ninth Circuit therefore considers a dismissal with prejudice a final judgment on the merits. *Stewart*, 297 F.3d at 956; *see also* A. Wright et al., *Federal Practice and Procedure* § 2372 (2011). Thus, *Glick I* was a final judgment on the merits of the claims against the eight Defendants identified above.

In sum, Glick is making the same allegations he made in *Glick I* and is suing the same parties. A final judgment was issued on the merits of these claims in *Glick I*. Thus, the doctrine of res judicata bars Glick from raising them again here.

**IV.    Glick's Claims Against Dave Edwards**

Glick objects to Judge Lynch's finding that the claim against Defendant Edwards, his probation officer, for imposing unlawful conditions on his probation is barred by *Hudson v. Palmer*, 468 U.S. 517 (1984). The Court agrees with Judge Lynch that Glick's claim implicates the Due Process Clause of the Fourteenth Amendment. U.S. Const. Amend. XIV, § 1. However, an unauthorized deprivation of property or liberty "by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533; *Zinermon v. Burch*, 494 U.S. 113, 132 (1990).

Glick's complaint is barred because Montana law provides Glick adequate postdeprivation remedies. *See e.g.* The Montana Tort Claims Act.[1] Glick asserts that *Hudson* is inapposite because there the plaintiff was seeking reimbursement for lost property whereas he is seeking reimbursement for the violation of his constitutional rights. (Doc. 5 at 8.) Glick misreads *Hudson*. Like Glick, the

---

[1] Mont. Code Ann. §§2-9-301 to 318 (2011).

plaintiff in *Hudson* was seeking reimbursement for a violation of his constitutional rights. 468 U.S. at 520 (plaintiff suing under 42 U.S.C. § 1983). Therefore, *Hudson*, as extended by *Zinermon*, bars Glick's claim.

Glick objects to Judge Lynch's findings on his First Amendment retaliation claim and his Fourth Amendment claim because Judge Lynch is a Defendant in this action and, therefore, lacks "jurisdiction" to analyze his complaint. (Doc. 5 at 13.) As discussed above, Judge Lynch properly refused to recuse himself. Therefore, the Court need not address this objection.

## V. Private Party Defendants

Glick objects to Judge Lynch's finding that his complaint fails to state a claim for 42 U.S.C. § 1983 and RICO violations as to Mara Nezatski, Tim Harris, Ray Evert, Special Friends Advocacy Program, Gay Modrell, and Gregory Paskell (collectively "Private Party Defendants") because the Private Party Defendants are not state actors.[2] The thrust of Glick's claim is that the private defendants collectively conspired to deprive Glick of his personal property.

In order for a private individual to be liable under § 1983, that individual's actions must be "fairly attributed to the State[.]" *Rendell-Baker v. Kohn*, 457 U.S.

---

[2] All of these individuals are private individuals or entities that have allegedly prevented Glick from recovering his personal property.

10

830, 838 (1982). While a private individual's action can rarely be attributed to the state, *Caviness v. Horizon Comm. Learning Ctr.*, 590 F.3d 806, 812 (9th Cir. 2010), the Ninth Circuit has recognized four instances when private action qualifies as state action: where there is a "(1) public function; (2) joint action; (3) governmental compulsion or coercion; or (4) governmental nexus." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quotation marks omitted). Glick bears the burden of establishing that a particular defendant was a state actor. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

I agree with Judge Lynch that Glick fails to make a sufficient showing under any of the four tests that would nudge his "claim across the line from conceivable to plausible . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Glick makes conclusory statements, unsupported by sufficient factual allegations, that the Private Party Defendants conspired with state officials to deprive him of his constitutional rights. But the allged breadth of the entwinement between Private Party Defendants and state actors "simply exceeds the limits of plausibility." *Glick I*, at *2. Glick's claims with regard to the Private Party Defendants are dismissed.

## VI. RICO Claims

Glick contends that all Defendants are liable for violating the Racketeer

Influenced and Corrupt Organizations Act (RICO).³ The Ninth Circuit has clarified that "[t]o state a claim for a RICO violation . . . a plaintiff must show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Because Glick fails to plead factual allegations establishing that it is plausible that all the defendants were engaged in an "enterprise," the Court need not analyze the other RICO elements.

Title 18 U.S.C. § 1961(4) defines "enterprise" as any entity, legal or illegal, that is "associated in fact." The Supreme Court has clarified that the "associated in fact" language requires that the defendants were "associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). To establish the existence of such an enterprise, a plaintiff must provide 'evidence of an ongoing organization, formal or informal,' and 'evidence that the various associates function as a continuing unit.'" *Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) (quoting *Turkette*, 452 U.S. at 583). Put simply, a party alleging a RICO enterprise must plead facts that make it plausible that the defendants were acting together towards a common goal.

---

³ 18 U.S.C. §§ 1961–1968 (2006).

Glick's complaint in this regard falls short of the plausibility standard set forth in *Iqbal* and *Bell Atlantic*. First, as this Court previously noted: "Glick's claim that multiple judges, governmental agencies, his probation officer, and the clerk of court are involved in a massive conspiracy against him simply exceeds the limits of plausibility." *Glick I*, 2010 WL 4392549, at *2. In his present complaint, Glick has compounded that implausibility by adding three federal judges and the United States District Court–Montana District to the list of conspirators.

Second, Glick pleads no facts establishing that Defendants were working as a "continuing unit" or in conjunction with another. Instead, Glick simply makes conclusory statements to the effect that Defendant's are involved in a coordinated "crusade" against him. (*See e.g.* doc. 2 at 6.) The Court agrees with Judge Lynch that Glick's complaint makes "conclusory and bare allegations" that assert conduct that is merely consistent with a RICO enterprise, instead of pleading sufficient facts that would show that a RICO enterprise indeed existed. The complaint's deficiency makes it incompatible with the plausibility standard set forth in *Iqbal* and *Bell Atlantic*. Thus, Glick's RICO claims are dismissed.

## VII. Retroactive Injunctive Relief

Glick seeks an injunction to prohibit the Defendants from controlling or influencing any witnesses from his cases, and an injunction to remand all of his

cases, active and future, to this Court. As to Glick's first request, Judge Lynch correctly noted, witness tampering is a crime under Montana and federal law. Mont. Code Ann. §§ 45-7-206 (2011) and 45-2-101 (2011); 18 U.S.C. § 1512 (2006). Injunctions that "broadly order the enjoined party simply to obey the law" are generally impermissible. *N.L.R.B. v. U.S. Postal Service*, 486 F.3d 683, 691 (10th Cir. 2007) (Tymkovich, J., concurring and collecting cases); *see also Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1316 (Fed. Cir. 2004) (reasoning that the "Supreme Court has denounced" such broad injunctions). Simply put, this Court cannot grant an injunction of the type Glick seeks.

As to his second request, the Court agrees with Judge Lynch that the Court lacks the equitable power to require all other courts to "remand" Glick's proceedings to this Court. Because both of Glick's requests for injunctive relief exceed the authority of this Court, they are denied.

## VIII. Reservation to add additional claims in the future

Finally, Glick requests that he be allowed to reserve the right to add future claims to this lawsuit. As Judge Lynch correctly noted, this request is unnecessary. Rule 15(a) and (d) of the Federal Rules of Civil Procedure governs amendments and permits a litigant to amend his complaint to include new claims under certain circumstances. Glick points to no authority in his objection to Judge

14

Lynch's finding that would permit a litigant to plead around the rules of civil procedure. To the extent that Glick is dissatisfied with the delays attendant with the amendment process, he fails to state a claim for relief. Thus, the claim is denied.

## CONCLUSION

A *de novo* review of Glick's claims affirms Judge Lynch's Recommendation. Consequently, all of Glick's claims, with the exception of his First and Fourth Amendment claims against Defendant Edwards, are dismissed without leave to amend. While the Court acknowledges that courts normally should grant pro se litigants leeway to amend the complaint, Glick has failed to do so numerous times in the past, and the Court is convinced that further amendments cannot cure the identified defects.

## ORDER

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (doc. 3) are adopted in full;

IT IS FURTHER ORDERED that Glick's claims against Defendant Dave Edwards alleging violation of his rights under the First and Fourteenth Amendments to the United States Constitution based on Edward's alleged retaliatory conduct and his alleged unlawful search and seizure of Glick's laptop

computer will go forward. All of Glick's other claims, and all other Defendants named by Glick in this action are DISMISSED with prejudice.

Dated this 5th day of April 2012.

Donald W. Molloy, District Judge
United States District Court