# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| RON GLICK, | CV 11-168-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DONALD MOLLOY, JEREMIAH LYNCH, KEITH STRONG, UNITED STATES DISTRICT COURT - MONTANA DISTRICT, ELEVENTH JUDICIAL DISTRICT COURT OF MONTANA, PEG ALLISON, STUART STADLER, KATHERINE CURTIS, TED LYMPUS, MARA NEZATSKI, aka Mara Pelton, TIM HARRIS, RAY EVERT, SPECIAL FRIENDS ADVOCACY PROGRAM, GAY MODRELL, GREGORY PASKELL, MONTANA SUPREME COURT, MONTANA OFFICE OF DISCIPLINARY COUNSEL, DAVE EDWARDS, HEIDI ULBRICHT, and DOES ONE through FIFTY, | |
| Defendants. | |

_____

Before the Court is Defendant Dave Edwards' Federal Rule Civil Procedure 12(c) Motion for Judgment on the Pleadings. For the reasons discussed, the Court recommends the motion be granted in limited part, but should otherwise be denied.

**I. BACKGROUND**

Plaintiff Ron Glick is appearing pro se in this action, and the Court granted him leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). The Court

1

conducted its preliminary screening of Glick's complaint under § 1915(e)(2), and by Order entered April 5, 2012, concluded that only certain limited claims survived dismissal.

In 2005 Glick was convicted of sexual assault in the Montana Eleventh Judicial District Court, Flathead County, in Kalispell, Montana, *State v. Glick*, Cause No. DC-04-066(A). On December 1, 2005, the court sentenced Glick to serve 20 years in prison, with 15 years suspended. A written Judgment and Sentence was entered December 8, 2005. Dkt. 8-3. After Glick served his prison sentence, Glick was placed, and remains, on probation for the 15-year suspended sentence. Until October of 2010, Glick's probation officer was Defendant Dave Edwards.

Glick's surviving claims are prosecuted against Edwards under 42 U.S.C. § 1983.[1] Glick alleges that: (1) Edwards engaged in incidents of retaliatory conduct in violation of Glick's rights protected under the First Amendment to the United States Constitution, and (2) Edwards unlawfully searched and seized Glick's laptop computer in violation of Glick's rights under the Fourth Amendment to the United States Constitution. Edwards moves for judgment on the pleadings dismissing these claims.

---

[1] The Court dismissed all of Glick's other claims and all other Defendants from this action in its April 5, 2012 Order.

## II. APPLICABLE LAW - JUDGMENT ON THE PLEADINGS

In addressing a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted). A Rule 12(c) motion "is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id*. (citation omitted).

A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011). Thus, the same legal standard "applies to motions brought under either rule." *Id*.

A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). The court's standard of review under Rule 12(b)(6) is informed by Fed. R. Civ. P. 8(a)(2), which requires that a pleading "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009)

(quoting Rule 8). Although Rule 8(a)(2) does not require "detailed factual allegations", a plaintiff must set forth more than bare allegations that the defendant unlawfully harmed the plaintiff. *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at __, 129 S. Ct. at 1949.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*. Plausibility does not equate with "probability", but it requires "more than a sheer possibility that a defendant has acted unlawfully[,]" and factual allegations "that are 'merely consistent with' a defendant's liability" do not cross the line between possibility and plausibility. *Id*. Allegations which permit only an inference of the "mere possibility of misconduct" do not "show[] that the pleader is entitled to relief[.]" *Ashcroft*, 556 U.S. at __, 129 S. Ct. at 1950 (quoting Rule 8(a)(2)). Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Based on the foregoing, and as applied to a Rule 12(c) motion, the court must "assume the facts alleged in the complaint are true[,]" and consider whether those "factual allegations, together with all reasonable inferences, state a plausible

4

claim for relief." *Yakima Valley Memorial Hospital v. Washington State Department of Health*, 654 F.3d 919, 925 (9th Cir. 2011) (quoting *Cafasso*, 637 F.3d at 1054).

In considering a motion for judgment on the pleadings, the court may "consider [] materials-documents attached to the complaint, [and] documents incorporated by reference in the complaint[.]" *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). *See also Lewis v. Russell*, 2012 WL 201877, *7 n.3 (E.D. Cal. 2012). The court may also "consider facts that 'are contained in materials of which the court may take judicial notice.'" *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (quoting *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)).

Federal Rule of Evidence 201 permits the Court to take judicial notice of the existence and terms of matters contained within the judicial record of another court. *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003), cert. denied, 540 U.S. 810 (2003); *United States ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The court may take judicial notice of the judicial record of another court, "both within and without the federal judicial system[.]" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (citation and quotation omitted).

If, however, a motion for judgment on the pleadings cannot be resolved on the face of the pleadings and the permissible materials described above, and if other "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Finally, because Glick is proceeding pro se the Court must construe his pleadings liberally. Glick's allegations, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

## III.  DISCUSSION

### 1.  First Amendment - Retaliation

The First Amendment to the United States Constitution prohibits state actors from retaliating against individuals for engaging in constitutionally protected activities. *Blair v. Bethel School District*, 608 F.3d 540, 543 (9th Cir. 2010). One protected activity is the right of access to the Courts. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002).

> To recover under § 1983 for such retaliation, a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of

ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.

*Blair*, 608 F.3d at 543 (citing *Pinard v. Clatskanie School Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)). The alleged adverse action need only be one "that is reasonably likely to deter" a plaintiff from engaging in constitutionally protected activity. *Blair*, 608 F.3d at 543 n.1 (citation omitted). A defendant's retaliatory intent to chill a plaintiff's conduct, however, must be the but-for cause of the alleged retaliatory action. *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900-901 (9th Cir. 2008).

Glick alleges Edwards retaliated against him after Glick engaged in the constitutionally protected activity of filing a petition for a writ of habeas corpus with the Montana Supreme Court challenging the propriety of the Montana Probation and Parole division's supervision of Glick on his 15-year suspended sentence.[2] Dkt. 2 at ¶ 67. Specifically, Glick alleges that "within twenty four (24) of his filing a habeas corpus [petition] with Defendant Montana Supreme Court"

---

[2]The Court previously summarized Glick's claims to include a claim that Edwards retaliated against Glick for Glick's conduct in pursuing post-conviction relief in the state courts. Glick alleges in his complaint that Edwards threatened to return Glick to prison if Glick "continued pursuing his legal claims, including his post-conviction defenses." Dkt. 2 at ¶ 66. Glick, however, now clarifies that he does not claim that Edwards retaliated against him for any post-conviction remedies. But Glick continues to pursue his claim of retaliation based on his habeas petition.

7

Edwards retaliated against him by filing a petition in state court seeking to revoke Glick's term of probation on April 23, 2009. Dkt. 2 at ¶ 67. In view of Edwards' Rule 12(c) motion, the Court must accept these factual allegations as true and construe them in the light most favorable to Glick.

In support of his motion, Edwards has filed a copy of the "Report of Violation" — date-stamped April 23, 2009 — that Edwards filed in Glick's criminal case in the Montana Eleventh Judicial District Court, Flathead County, Cause No. DC-04-066. Dkt. 8-5. The Court finds the Report of Violation is sufficiently authenticated as a judicial record of the state court, and Glick does not contend otherwise. Therefore, the Court will take judicial notice of the Report of Violation and its filing date of April 23, 2009.

Edwards argues that the record establishes he could not have retaliated against Glick for filing the habeas petition because it was filed on April 20, 2010 — nearly a year after the April 23, 2009 Report of Violation.

Although the Court takes judicial notice of this habeas petition, it is not the habeas petition on which Glick predicates his retaliation claim. Rather, Glick's allegations, which the Court must accept as true, refer to a habeas petition Glick filed April 22, 2009 — within 24 hours prior to Edwards' Report of Violation that was filed on April 23, 2009. In his response brief, Glick again asserts he filed a habeas petition prior to Edwards' April 23, 2009 revocation petition. Glick

8

contends Edwards was aware of that original habeas petition and, therefore, retaliated against Glick by filing the revocation petition. Dkt. 14 at 2.

Glick's allegations relying on a habeas petition he filed April 22, 2009, taken as true, are sufficient to state a claim for retaliation.[3] Consequently, Edwards' motion should be denied in this respect.

The Court also notes that Glick's retaliation claim has a second prong. Glick also asserts that Edwards retaliated against him for his pursuit of his civil legal remedies for the recovery of certain items of personal property in an unrelated matter. Dkt. 3 at 17-18, 22. Edwards' motion for judgment on the pleadings does not address this retaliation claim. Therefore, to the extent Edwards' motion seeks dismissal of all of Glick claims, the motion should also be denied in that respect.

## 2. **Fourth Amendment - Search and Seizure**

Glick alleges that in November 2009 Edwards went to Glick's home and unlawfully searched Glick's laptop computer for pornography in violation of the Fourth Amendment to the United States Constitution. Although Edwards did not find any evidence of pornography, he nonetheless unlawfully seized the computer

---

[3] Although the Court does not rely on Glick's April 20, 2012 "Rebuttal to Reply Brief of Defendant Dave Edwards" in resolving Edwards' motion, the Court notes Glick filed materials attached to that Rebuttal which indicate that — consistent with his allegations in his complaint — Glick may have filed a habeas petition with the Montana Supreme Court on April 22, 2009.

9

and retained possession of it for two months. In his answer, Edwards admits searching and seizing Glick's computer, and then returning it to Glick two months later after no pornography was found on the computer. Dkt. 8 at ¶ 78.

As discussed in the Court's Findings and Recommendations entered January 26, 2012, the proper analysis of Glick's Fourth Amendment claim of an unlawful search turns on the express terms and conditions of his probation as set forth in his criminal judgment. Dkt. 3 at 24-25. In support of his motion for judgment on the pleadings, Edwards has filed a copy of the written Judgment and Sentence imposed against Glick by the Montana Eleventh Judicial District Court, Flathead County, date-stamped December 9, 2005. Dkt. 8-3. Glick does not dispute the authenticity of the document. The Court finds the Judgment and Sentence is sufficiently authenticated as a judicial record of the state court, and Glick does not contend otherwise. Thus, the Court takes judicial notice of the Judgment and Sentence.[4]

---

[4]As a preliminary matter the Court notes Glick now argues for the first time that the Montana Eleventh Judicial District Court, Flathead County, did not sentence him to a term of probation and, therefore, he is not subject to any conditions of probation. Rather, according to Glick, the court imposed only a suspended sentence against him. Glick's position is without substantive merit.

Montana law permits a sentencing court to suspended a portion of a criminal sentence, and to impose restrictions or conditions on a defendant during the period of the suspended sentence. Mont. Code Ann. § 46-18-201(2) and (4). Those restrictions or conditions may include "conditions of probation[.]" Mont. Code Ann. § 46-18-201(4)(c).

The Fourth Amendment protects citizens "against unreasonable searches and seizures[.]" U.S. Const. Amend. IV. The touchstone for the analysis of an alleged Fourth Amendment violation is the reasonableness of all the circumstances, and requires a balancing of the intrusion on an individual's privacy against the need for the promotion of legitimate governmental interests. *United States v. Knights*, 534 U.S. 112, 118-119 (2001) (quotations and citation omitted). An individual on probation, however, does not enjoy the absolute right to liberty to which other free citizens are entitled. *Id.* 534 U.S. at 119. Thus, a criminal sentencing court may properly impose reasonable conditions on a defendant's term of probation that deprive the defendant of certain liberties. *Id*.

Where a sentencing court expressly requires a probationer to submit to a search, with or without a warrant, and with or without probable cause or reasonable suspicion, and where the probationer was "unambiguously informed" of the condition, then the condition properly and "significantly diminishe[s a probationer's] reasonable expectation of privacy." *Knights*, 534 U.S. at 119-120. Thus, where a search condition is imposed upon an individual's term of probation, then even "a suspicionless search of [either] a parolee [or a probationer] does not violate the Fourth Amendment." *United States v. Baker*, 658 F.3d 1050, 1055-56 (9th Cir. 2011) (citing *Samson v. California*, 547 U.S. 843, 846 (2006); *Motley v.*

*Parks*, 432 F.3d 1072, 1083 n.9 (9th Cir. 2005) (en banc); and *Sanchez v. Canales*, 574 F.3d 1169, 1174 & n.3 (9th Cir. 2009)).

Here, the Judgment and Sentence imposed against Glick unambiguously informed him of a probation condition requiring him to submit to searches by his probation officer. The judgment expressly provides, in relevant part, as follows:

> As conditions of [...] probation, [Glick] must comply with the following:
>
> [...]
>
> (9) He must submit, at any time, to a warrantless search of his residence, person, vehicle, and place of employment, [...] at the reasonable request of his supervising officer.
>
> [...]
>
> (22) [...] He will provide his supervising officer with any passwords used on any computer he accesses and allow his supervising officer access to all computers accessible to him.

Dkt. 8-3 at 2, 6, and 7.

In view of the Fourth Amendment law expressed in *Knights*, *Baker*, *Samson*, *Motley*, and *Sanchez*, supra, the above-quoted conditions of Glick's probation permitted Edwards to conduct a warrantless search of Glick's computer, and Edwards' conduct did not violate Glick's rights under the Fourth Amendment. *See also United States v. King*, 672 F.3d 1133, 1139 (9th Cir. 1012) (concluding that a warrantless search of a probationer with or without either probable cause or

reasonable suspicion does not violate the Fourth Amendment).  This aspect of Edwards' motion should be granted with respect to Edwards' search of Glick's computer at Glick's home.

Glick separately contends, however, that Edwards did not have authority to seize his computer from Glick's home, and retain possession of it for two months for purposes of conducting further searches of the computer.  As discussed above, Glick's probation condition permits a warrantless search of his computer, but the condition does not expressly permit a warrantless and unreasonable seizure of any of his personal property belongings.

In support of his motion, Edwards relies on decisional law recognizing the difficult nature of computer searches, and the necessity of additional time, expertise, and seizures for off-site computer searches.  *See United States v. Giberson*, 527 F.3d 882, 889-90 (9th Cir. 2008) and *United States v. Hay*, 231 F.3d 630, 637 (9th Cir. 2000).  Both *Giberson* and *Hay*, however, involved seizures made pursuant to a warrant obtained from a judge supported by affidavit testimony justifying the need for each warrant.  Therefore, those cases do not support Edwards' conduct in making a warrantless seizure of Glick's computer.

Searches and seizures are each independently governed by the requirements of the Fourth Amendment.  "The Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that 'searches [and seizures]

13

conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment[.]" *Mincey v. Arizona*, 437 U.S. 385, 390 (1978) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). *See also Payton v. New York*, 445 U.S. 573, 586 (1980) (noting the "'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable").

In support of his motion Edwards submitted a copy of his affidavit that he filed with the Montana Supreme Court in connection with Glick's habeas proceedings. Edwards' affidavit testimony provides factual information beyond the pleadings explaining the purpose of his search of Glick's computer, and the reasons why he seized the computer for two months. Edwards' affidavit, however, falls outside the category of documents which the Court is permitted to consider in resolving Edwards' Rule 12(c) motion. The affidavit is not attached to, or incorporated in Glick's complaint. Therefore, if the Court were to consider the factual information within Edwards' affidavit, the Court would have to convert the motion into one for summary judgment, and afford the parties an opportunity to present all materials pertinent to a summary judgment motion. Under the circumstances of this case, and because the parties have not presented their respective statement of undisputed facts and statement of genuine issues as required by L.R. 56.1(a) and (b), rather than convert Edwards' motion the Court

deems it appropriate to recommend that the motion be denied without prejudice to Edwards' opportunity to properly file a summary judgment motion under Fed. R. Civ. P. 56.

## IV. CONCLUSION

Based on the foregoing, the Court recommends that Edwards' motion for judgment on the pleadings be GRANTED with respect to Glick's Fourth Amendment claim arising from Edwards' search of Glick's computer at Glick's home. The motion, however, should otherwise be DENIED without prejudice in all other respects.

DATED this 24th day of April, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge