
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| RON GLICK, | ) | CV 11-168-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVE EDWARDS, | ) | |
| | ) | |
| Defendant. | ) | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations on April 24, 2012, recommending that the Court grant in part and deny in part Defendant Dave Edwards's Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 56(c). Edwards timely filed objections and thus is entitled to *de novo* review of those findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Plaintiff Ron Glick has not filed objections. The portions of the Findings and Recommendations not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1

For the reasons stated below, Judge Lynch's Findings and Recommendations are adopted in part and rejected in part. Judgment on the pleadings is granted in Edwards's favor as to Glick's search claim for the reasons set out by Judge Lynch and as to Glick's seizure claim because Edwards is entitled to qualified immunity. Judgment on the pleadings is denied as to the two-prong retaliation claim. Because the parties are familiar with the history and facts of this case, however confusing they may be, the facts are only set out when necessary to explain this decision.

## ANALYSIS

### A. Retaliatory conduct

Judge Lynch recommended denying the Rule 56(c) motion on Glick's claim that Edwards, Glick's probation officer, retaliated against him for engaging in activities protected by the First Amendment. He construed the pleadings to allege, first, that Edwards filed a Report of Violation seeking to revoke Glick's term of probation in retaliation for Glick filing a petition for writ of habeas corpus on April 22, 2009. Edwards filed the Report of Violation the next day. It stated Glick failed to obtain employment or sexual offender treatment, in violation of three conditions of his probation. (Doc. 8-5.) Judge Lynch also found that Glick adequately alleged that Edwards retaliated against him for pursuing civil legal

remedies for the recovery of personal property in an unrelated matter. (Doc. 19 at 8.) Edwards argues that there is insufficient factual support to uphold any retaliation claim and that the allegations are conclusory and implausible.

The Court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" in determining a motion under Rule 12(b)(6) or Rule 56(c). *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011). Under the incorporation-by-reference doctrine, it is appropriate to consider the Report of Violation (doc. 8-5) as well as the two documents attached to Glick's "Rebuttal" to Edwards's Reply Brief on the Rule 56(c) motion, a blog entry dated April 22, 2009 (doc. 18-1) and a letter to Glick from the Clerk of the Montana Supreme Court dated May 29, 2009 (doc. 18-2).

The only habeas petition that it appears Glick formally filed with the Montana Supreme Court was filed April 20, 2010, nearly a year after Edwards filed the Report of Violation. (*See* doc. 21 at 12–13.) However, Glick also mailed a petition to the Montana Supreme Court in April 2009 that was returned to him and was not filed. (Doc. 18-2.) It is this attempt to file a petition that Glick claims spurred the Report of Violation (docs. 2 at 16, 14 at 2), and there is no

3

evidence that Edwards knew the attempt had failed when he sought to revoke Glick's probation. Edwards cites no authority suggesting that a failed attempt to exercise one's right to access the courts is not protected under the First Amendment.

On April 22, 2009, Glick also discussed his plan to submit this petition on his blog. (Doc. 18-1.) Apparently, Edwards monitored the blog and Glick had discussed this plan before, for Edwards referred to a different blog entry in the Report of Violation. (Doc. 8-6 at 2 ("The Defendant wrote on his website, 'It is looking like I will be violated before too much longer. Each time I meet with my probation officer, new pressure is exerted upon me with unrealistic demands. As of today, I am left with no choice but to pursue filing a petition for writ of habeas corpus to try to relieve myself of this unlawful custody.'").) Again, Edwards cites no authority to suggest that the First Amendment does not protect a person's right to speak freely online.

Retaliation for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983 even if the retaliatory act, if done for different reasons, would have been proper. *Wilson v. City of Fountain Valley*, 372 F.Supp.2d 1178, 1186 (C.D. Cal. 2004 (citing *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283–84 (1977)). Glick bears the initial burden of proving that he took a constitutionally

protected action, that Edwards thereafter took an adverse action against him, and that Edwards did not intend to advance any legitimate penological goal. *Id.* at 1187 (holding that the test described in *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003), for assessing a retaliation claim by a prisoner also applies to a claim for retaliation by a parolee or probationer).

At this stage, Glick has adequately advanced allegations that, if proved, would satisfy this test. He was attempting to pursue legal action and blogging about his experiences; Edwards sought to revoke his probation; and the timing and certain portions of the Report of Violation suggest Edwards's action may have been motivated by retaliatory intent. For example, the Report states:

> The Defendant has not shown an initiative for employment, but rather maintains a website claiming his innocence and criticizing his Victim, her family, and any form of government agency.
>
> ....
>
> My observation is that he has utilized his time to continue his legal wrangling and pursue his innocence.
>
> ....
>
> The Defendant has expressed in writing his contempt for the conditions imposed by the Court and has used his time out of prison to continue his legal agenda rather than seek a means of support or sex offender treatment.
>
> ....
>
> [T]he Defendant's energy expended on writing writs, subpoenas, and maintaining his website all show he is capable of supporting himself.

(Doc. 8-5 at 1–3.) There is sufficient factual support to conclude it is at least

5

plausible the filing of the Report was a retaliatory act for Glick's engagement in constitutionally protected activities. The burden would then shift to Edwards to show by a preponderance of the evidence that the adverse action was, in fact, intended to accomplish a legitimate objective. *Wilson*, 372 F. Supp. 2d at 1187; *Bruce*, 351 F.3d at 1289.

Edwards also argues that the second prong of Glick's retaliation claim—that Edwards retaliated against him in an unrelated civil action seeking the recovery of personal property—does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009). Glick's Complaint states:

> Plaintiff further attests that he has been informed and believes and thereon alleges that Defendant Edwards has contacted other Defendants in Plaintiff's property suit and specifically sabotaged efforts of Plaintiff's to settle this cause as well, actively working to further the racketeering enterprise initiated against Plaintiff in depriving him of his liberty interest in owning property.

(Doc. 2 at 18.) And later in the Complaint, after alleging other purported abuses by Edwards, Glick states:

> . . .[Edwards] sought greater and greater escalations of abuse against Plaintiff for the express purpose of having Plaintiff abandon his legal efforts or be returned to prison for frivolous reasons. . .

(*Id.* at 19.) Though the allegation is not very detailed, it is sufficient at this stage

and in the context of Glick's other allegations to preclude judgment on the pleadings, and discovery procedures will clarify the claim.

Edwards's argument that he is entitled to qualified immunity because Glick's claim amounts to a "bare allegation[] of malice" fails in light of the discussion above. Accordingly, I concur with Judge Lynch and deny Edwards's motion to grant judgment in his favor on Glick's retaliation claim.

## B. Search and seizure

Without a warrant, Edwards searched Glick's computer for pornography. Though he did not find anything during the search, he seized the computer to search it further, retaining possession of it for two months. Glick alleged that both the search and the seizure violated his Fourth Amendment rights.

Judge Lynch found that Glick had been "unambiguously informed," *United States v. Knights*, 534 U.S. 112, 118–19 (2001), that the conditions of his probation require him to submit to warrantless searches, prohibit him from possessing pornography, and allow his supervising officer "access to all computers accessible to him." (Doc. 8-3 at 2, 6, and 7.) The probation conditions thus significantly reduce Glick's reasonable expectation of privacy, and because of his status as a probationer, he is subject to searches based on no more than reasonable suspicion. *Knights*, 534 U.S. at 119–20. Considering Glick's own allegation that

Edwards had been "provided written affidavits from [Glick's] friend who accessed pornography on [Glick's] computer" (doc. 13 at 6), Edwards's suspicion that pornography may be on the laptop was reasonable. The search was thus lawful.

In contrast, the probation conditions do not "unambiguously" authorize a probation officer to seize Glick's personal property without a warrant. Judge Lynch thus recommended denying Edwards's motion for judgment on the pleadings as to this claim. However, Judge Lynch did not consider whether Edwards is entitled to qualified immunity. I conclude that he is because the law is not clearly established in this area. *See Wilson v. Layne*, 526 U.S. 603, 615 (1999).

Warrantless seizures are per se unreasonable under the Fourth Amendment. *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993) (citations omitted). However, an officer may seize contraband found while conducting a lawful search, *id.* at 374, if the facts available to him "warrant a man of reasonable caution in the belief . . . that certain items may be contraband or stolen property or useful as evidence of a crime." *Texas v. Brown*, 460 U.S. 730, 742 (1983) (stating the probable cause standard in a case not involving a probationer or parolee) (citation omitted). It is unclear whether the lower reasonable suspicion standard would apply to a seizure of property from a probationer when his probation conditions do not clearly permit

a warrantless seizure. *See Knights*, 534 U.S. at 119–20 (concluding that a probationer's status as well as the conditions of his probation together diminish his right to privacy). It is also unclear whether reasonable suspicion or probable cause that arises *prior* to a search continues to support a seizure following the search where the search yields no new incriminating evidence. *See United States v. Wilson*, 565 F.3d 1059, 1065 (8th Cir. 2009) (upholding the seizure of a cell phone and video camera when the officer knew a child pornography victim had alleged such items had been used to record her and the video camera was found in the same location the victim had described).

Finally, "[t]he contours of [the Fourth Amendment's] protections in the context of computer searches pose difficult questions." *United States v. Adjani*, 452 F.3d 1140, 1152 (9th Cir. 2006). Computer searches often need to take place off-site; thus, the seizure of the computer or transfer of its contents is often necessary. Orin S. Kerr, *Searches and Seizures in a Digital World*, 119 Harv. L. Rev. 531, 534 (2005) ("[C]omputer searches typically occur offsite on a government computer that stores a copy of the suspect's hard drive."). However, the Ninth Circuit has emphasized the need for "specific authorization" for the seizure of intermingled documents such as are found on a computer, and held that such a warrant should only be granted "where on-site sorting is infeasible and no

other practical alternative exists." *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1169 (9th Cir. 2010) (quoting *United States v. Tamura*, 694 F.2d 591, 596 (9th Cir. 1982)). "The essential safeguard required is that wholesale removal must be monitored by the judgment of a neutral, detached magistrate." *Tamura*, 694 F.2d at 596. *See also United States v. Hill*, 459 F.3d 966, 974–76 (9th Cir. 2006) (holding that a warrant authorizing the blanket seizure of a computer and storage media to search for child pornography was overbroad in the absence of an explanatory affidavit, though off-site review of an entire computer is sometimes reasonable). On the other hand, the Ninth Circuit has upheld the warrantless seizure of a computer that a suspect admitted contained child pornography because "the fragile and easily destructible nature of the digital evidence at issue raises undeniable concerns regarding 'loss or possible destruction of contraband by the owner.'" *United States v. Blood*, 429 Fed. Appx. 670, 671 (9th Cir. 2011) (unpublished) (quoting *United States v. Licata*, 761 F.2d 537, 541 (9th Cir. 1985)).

For all these reasons, the answer to the question of how the Fourth Amendment should regulate searches and seizures of personal computers is "surprisingly unclear." Kerr, 119 Harv. L. Rev. at 533. "Lower courts have just begun to grapple with the question, resulting in a series of tentative and often

10

contradictory opinions that leaves many answers unresolved." *Id.* Here, Edwards could reasonably have believed he was entitled to seize the computer based on his reasonable suspicion that the computer contained pornography, Glick's reduced privacy rights as a probationer, the difficulty of conducting a full search on-site, and the risk Glick could tamper with or destroy evidence. Accordingly, he is entitled to qualified immunity as to this claim.

## ORDER

As I see no clear error in the remaining findings and recommendations, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendations (doc. 19) are adopted in part and rejected in part as set forth above.

IT IS FURTHER ORDERED that Edwards's motion for judgment on the pleadings is GRANTED with respect to Glick's Fourth Amendment claims and DENIED without prejudice with respect to Glick's two-prong retaliation claim under the First Amendment.

Dated this 21st day of June 2012.

Donald W. Molloy, District Judge
United States District Court