IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

RON GLICK,                                             CV 11-168-M-DWM-JCL

        Plaintiff,

                                                ORDER

  vs.

DAVE EDWARDS,
et al.,

        Defendants.

_____

Plaintiff Ron Glick moves for reconsideration of the Court's Order entered October 16, 2012, denying Glick's motion for leave to file an amended complaint.[1] The Court denied the referenced motion without prejudice on the ground that it appeared Glick had not served a copy of the motion on Defendant Dave Edwards. Glick's lack of service became apparent because Edwards had not filed a brief in response to Glick's motion to amend, and review of Glick's motion reflected that Glick had not attached a certificate of service to the motion as required by Fed. R.

---

[1] Glick's motion for reconsideration is procedurally defective. The Local Rules of Procedure prohibit a party from filing a motion for reconsideration without first obtaining leave of court to file the motion. L.R. 7.3(a). Additionally, a motion requesting leave to file a motion for reconsideration must satisfy specific criteria identified in L.R. 7.3(b). Glick did not file a motion for leave to file his motion for reconsideration, and he has not presented sufficient information satisfying the L.R. 7.3(b) criteria. Nonetheless, in view of his pro se status, the Court will address the merits of Glick's asserted ground for reconsideration.

1

Civ. P. 5(d)(1).

In support of his motion for reconsideration, Glick argues that since the Court previously granted him leave to proceed in forma pauperis under 28 U.S.C. § 1915(a), the provisions of section 1915(d) relieve him of the obligation to serve his motions, briefs and other papers on Edwards, and instead obligate the Court to serve all of Glick's papers on Edwards for him. For the reasons discussed, Glick's interpretation of section 1915(d) is incorrect.

Section 1915(d) provides in pertinent part: "The officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). In substance, the statute requires only that the district court effect service of a litigant's summons and complaint on a defendant against whom the litigant has sufficiently stated a claim for relief, and nothing more. *See Lopez v. Department of Health Services*, 939 F.2d 881, 882 (9th Cir. 1991) (holding that an "indigent plaintiff with an arguable claim is entitled to issuance and service of process" by the court). The duties that the statute imposes on a court relative to "serv[ing] all process" are limited to the court's issuance and service of the litigant's summons and complaint. *See Boudette v. Barnette*, 923 F.2d 754, 756-757 (9th Cir. 1991) (referring to the duty to "issue and serve all process" under section 1915(d) (formerly codified in section 1915(c)) as the duty to effect service of the summons and complaint on behalf of the plaintiff). Section 1915(d) entitles

an in forma pauperis litigant to rely on the court and/or the United States Marshal "for service of the summons and complaint[.]" *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (discussing duty under former section 1915(c)). *See also* Fed. R. Civ. 4(c)(3) (requiring service of the summons and complaint by the United States Marshal on behalf of an indigent plaintiff). Thus, the duty imposed by section 1915(d) does not extend beyond service of the summons and complaint.

After service of the summons and complaint has been effected by the court under section 1915(d), the Federal Rules of Civil Procedure require the plaintiff, not the court, to serve a copy of every further pleading or other paper on the opposing party, and to file the document with the court together with a certificate of service. Fed. R. Civ. P. 5(a) and (d)(1). Even where a pro se plaintiff is proceeding in forma pauperis, the plaintiff is obligated to serve a copy of all other pleadings or papers on the defendant. *See Hoang Minh Tran v. Gore*, 2011 WL 6148704, *2 (S.D. Cal. 2011).

In this case, by Order entered January 26, 2012, the Court specifically informed Glick of his obligation to serve a copy of all of his filed documents on Edwards' counsel as required under Fed. R. Civ. P. 5(a) and (b)(1), and to sign and attach a certificate of service to each document he files with the Court as required by Fed. R. Civ. P. 5(d)(1). Dkt. 3 at 39.

Based on the foregoing, section 1915(d) does not obligate the Court to serve

a copy of Glick's documents on Edwards, and it does not relieve Glick of his obligation to do so.  Contrary to Glick's assertion, the Court has not been proceeding in this case by assuming the obligation of serving Glick's documents on Edwards.[2]  Rather, the absence of a certificate of service from Glick's filings simply was no brought to the Court's attention until after Glick filed his motion for leave to file an amended complaint.  It became apparent that the reason Edwards had not filed a response to Glick's motion to amend was because Glick had not properly served a copy of his motion on Edwards.

      Therefore, IT IS HEREBY ORDERED that Glick's Motion for Reconsideration is DENIED.

      DATED this 25th day of October, 2012.

                                                  Jeremiah C. Lynch
                                                  United States Magistrate Judge

---

[2] The Court recognizes that Edwards has "received" a copy of every document Glick has submitted to the Court for conventional filing (L.R. 1.4(d) (permitting non-attorneys to file in the conventional manner)) by virtue of the notice of electronic filing that is electronically delivered to Edwards' counsel through the Court's CM/ECF electronic filing system.  But Edwards' electronic receipt of Glick's conventionally-filed documents does not constitute "service" under Fed. R. Civ. P. 5.  That receipt would constitute "service" only if Glick were represented by an attorney who was filing electronically as a registered CM/ECF user.  See Fed. R. Civ. P. 5(b)(3) and L.R. 1.4(c)(2).