# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| RON GLICK, | CV 11-168-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DONALD MOLLOY, JEREMIAH LYNCH, KEITH STRONG, UNITED STATES DISTRICT COURT - MONTANA DISTRICT, ELEVENTH JUDICIAL DISTRICT COURT OF MONTANA, PEG ALLISON, STUART STADLER, KATHERINE CURTIS, TED LYMPUS, MARA NEZATSKI, aka Mara Pelton, TIM HARRIS, RAY EVERT, SPECIAL FRIENDS ADVOCACY PROGRAM, GAY MODRELL, GREGORY PASKELL, MONTANA SUPREME COURT, MONTANA OFFICE OF DISCIPLINARY COUNSEL, DAVE EDWARDS, HEIDI ULBRICHT, and DOES ONE through FIFTY, | |
| Defendants. | |

_____

Before the Court is Plaintiff Ron Glick's Motion for Declaratory Relief. For the reasons discussed, the Court recommends the motion be denied.

**I. BACKGROUND**

In 2005, Plaintiff Ron Glick was convicted of sexual assault in the Montana Eleventh Judicial District Court, Flathead County, in Kalispell, Montana, *State v.*

1

*Glick*, Cause No. DC-04-066(A). On December 1, 2005, the court sentenced Glick to serve 20 years in prison, with 15 years suspended. A written Judgment and Sentence was entered December 8, 2005. Dkt. 8-3. After Glick served his prison sentence, Glick was placed, and currently remains, on probation for the 15-year suspended sentence.

Defendant Dave Edwards served as Glick's probation officer until October, 2010. Glick Commenced this action, in part, as a result of Edward's alleged conduct towards Glick. Glick alleges Edwards is liable under 42 U.S.C. § 1983 for his alleged violations of Glick's rights protected under the United States Constitution.

By Orders entered April 5, 2012, and June 29, 2012, the Court has dismissed the majority of Glick's claims for relief advanced in this action. Therefore, the only claims that remain are Glick's section 1983 claims alleging Edwards retaliated against Glick in violation of his rights protected under the First Amendment to the United States Constitution. Glick alleges Edwards engaged in two specific incidents of retaliatory conduct during the course of his supervision of Glick's probation:

> (1) On April 22, 2009, Glick allegedly filed a petition for a writ of habeas corpus with the Montana Supreme Court challenging the propriety of the Montana Probation and Parole Bureau's supervision of Glick on his 15-year

suspended sentence. In turn, on April 23, 2009, Edwards allegedly retaliated by filing a petition in state court seeking to revoke Glick's term of probation, and Edwards incarcerated Glick for several weeks on that petition; and

(2) Glick had previously pursued unrelated civil legal remedies for the recovery of certain personal property belongings from, among others, Mara Nezatski. Edwards allegedly obstructed Glick's legal efforts in that regard. When Glick filed a complaint against Edwards for that interference, Edwards caused Nezatski to be fearful of Glick, and Edwards allegedly convinced Nezatski to apply for a restraining order against Glick in the Kalispell Municipal Court in April 2009. Glick alleges Nezatski's application was based on false or perjured testimony.

Glick now moves for declaratory relief requesting "the Court to make a declaratory ruling upon a legal matter" in this action. Dkt. 36 at 1. The legal matter to which he refers is the proper interpretation of the terms of the criminal sentence that the Montana Eleventh Judicial District Court, Flathead County, imposed against Glick on December 1, 2005. Glick interprets his sentence to state, in substance, that he was not sentenced to a term of supervised probation and, therefore, he argues he should not presently be subject to supervision by Edwards or the Montana Probation and Parole Bureau. For the reasons discussed, however, the Court cannot issue a ruling in favor of Glick's interpretation of his criminal sentence.[1]

---

[1]The Court has previously noted that the substance of Glick's argument that he now presents in his Motion for Declaratory Relief lacks merit. Dkt. 19 at 10 n.4.

## II. DISCUSSION

Glick's criminal judgment sentenced him "to the Montana State Prison for a term of twenty (20) years with fifteen (15) of those years suspended." Dkt. 36-1 at 2. Because the judgment imposed a "suspended sentence", and not a term of "probation", Glick contends he should not be subject to conditions of release, probation, or supervision while he serves the "suspended" portion of his criminal sentence. Therefore, he asserts Edwards and the Montana Probation and Parole Bureau lack the authority to supervise Glick's release from custody.

Glick recognizes, however, that his criminal judgment and sentence states that "[a]s conditions of parole and probation, the Defendant must comply with the following[,]" and the written judgment lists 28 conditions with which he must comply while on probation. Dkt. 36-1 at 2. Glick asserts that Edwards and the Montana Probation and Parole Bureau have employed the referenced conditions "of parole and probation" to unlawfully impose at term of "probationary custody" against Glick that was not imposed by his criminal judgment and sentence.

Glick suggests his criminal judgment ambiguously subjects him to either: (1) a suspended sentence that should be free from conditions and supervision, or (2) "probationary custody." Therefore, he requests that the Court issue a ruling resolving whether or not his criminal judgment imposed a mandatory probationary

sentence. If it did, then Glick next argues that the imposition of two simultaneous sentences — a suspended sentence and a probationary sentence — violates "the Double Jeopardy clauses of [the] state and federal constitutions." Dkt. 36 at 2.

In short, Glick argues his criminal judgment and sentence, properly construed, imposed only a "suspended sentence" which does not subject him to condition of release or supervision. Consequently, he requests that the Court "make a declaratory ruling that Defendant Edwards lacked the lawful authority to either supervise or have any further restrictions imposed upon Plaintiff's liberty." Dkt. 36 at 10.

But Glick's arguments challenge the validity of his state sentence and are barred under the authority of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* established that a plaintiff cannot prosecute a section 1983 action for damages if the success of those claims would necessarily imply that his existing criminal sentence is invalid. Specifically, before a plaintiff can pursue a section 1983 claim that would render a criminal sentence invalid, the plaintiff must establish that the sentence has already been invalidated through an appropriate legal action, such as a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87. Therefore, to determine whether *Heck* operates to preclude a section 1983 action, the court must consider whether a ruling in favor of the plaintiff:

5

would necessarily imply the invalidity of his conviction *or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction *or sentence* has already been invalidated.

*Heck*, 512 U.S. at 486-87 (emphasis added). *See Szajer v. City of Los Angeles*, 632 F.3d 607, 610-11 (9th Cir. 2011) (affirming dismissal of section 1983 action that would, if successful, invalidate the plaintiff's criminal conviction).

Here, in substance, Glick seeks a ruling establishing that his criminal judgment and sentence legally does not impose a term of probation that subjects him to conditions of release and supervision by Edwards or the Montana Probation and Parole Bureau. A ruling in favor of Glick on his pending motion would, necessarily, imply that the probationary sentence imposed against Glick is invalid, and Glick apparently seeks to use that favorable ruling to succeed on his claims for retaliation. As discussed, however, that course of action is precisely what *Heck* prohibits a section 1983 plaintiff from pursuing.

Glick has not established that, through some other proper legal action, he previously obtained a ruling declaring that his criminal sentence illegally imposes a conditional, supervised probationary sentence upon his term of release on his suspended sentence — a legal ruling he now requests this Court to issue. *Heck* bars Glick from effectively challenging, in this section 1983 action, the legality of his state criminal sentence.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Glick's Motion for Declaratory Relief be DENIED under authority of *Heck*.

DATED this 5th day of December, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge