IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

RON GLICK,                                                      CV 11-168-M-DWM-JCL

        Plaintiff,

  vs.                                                                        ORDER

DONALD MOLLOY, JEREMIAH LYNCH,
KEITH STRONG, UNITED STATES
DISTRICT COURT - MONTANA DISTRICT,
ELEVENTH JUDICIAL DISTRICT COURT
OF MONTANA, PEG ALLISON,
STUART STADLER, KATHERINE CURTIS,
TED LYMPUS, MARA NEZATSKI, aka Mara Pelton,
TIM HARRIS, RAY EVERT, SPECIAL FRIENDS
ADVOCACY PROGRAM, GAY MODRELL,
GREGORY PASKELL, MONTANA SUPREME COURT,
MONTANA OFFICE OF DISCIPLINARY COUNSEL,
DAVE EDWARDS, HEIDI ULBRICHT, and
DOES ONE through FIFTY,

        Defendants.
_____

      Before the Court is Defendant Dave Edwards' Fed. R. Civ. P. 37(d) Motion for Sanctions.  Edwards requests the Court dismiss this action on the ground that Plaintiff Ron Glick refused to answer questions relative to this lawsuit at a deposition noticed by Edwards.  For the reasons stated, the Court denies Edwards' request for dismissal, but will proceed to consider the imposition of alternative sanctions against Glick.

1

**I. BACKGROUND**

In 2005, Plaintiff Ron Glick was convicted of sexual assault in the Montana Eleventh Judicial District Court, Flathead County, in Kalispell, Montana, *State v. Glick*, Cause No. DC-04-066(A), and sentence was imposed against him. After Glick served a term of incarceration Glick was placed on probation under the supervision of Defendant Dave Edwards.

Glick commenced this action, in part, as a result of Edward's alleged conduct towards Glick. Glick alleges Edwards is liable under 42 U.S.C. § 1983 for his alleged violations of Glick's rights protected under the United States Constitution. Specifically, Glick's surviving claims allege Edwards engaged in two incidents of retaliation against Glick in violation of his rights protected under the First Amendment to the United States Constitution.

On November 14, 2012, counsel for Edwards issued a notice under Fed. R. Civ. P. 30(b) setting Glick's deposition for 9:00 a.m. on November 28, 2012, in Kalispell, Montana, the city in which Glick resides. Although Glick did not arrive at the deposition at 9:00 a.m. because he believed the deposition had been cancelled, he agreed to go to the deposition after Edwards' counsel contacted Glick by telephone.

When Glick arrived at his deposition after 10:00 a.m., he informed Edwards and Edwards' counsel that he would not answer any questions about the lawsuit without an attorney to represent him. Glick did, however, agree to proceed with the deposition for the purpose of making a record of the deposition.

During his deposition Glick explained that on November 16, 2012, he filed a motion requesting appointment of counsel to represent him in this action. Consequently, when Edwards' counsel asked Glick if they could proceed with the deposition, Glick responded by stating "I am going to decline to answer any questions relevant to the case without presence of counsel." Dkt. 44-3 at 3-4 of 8. The transcript of the deposition reflects that counsel for Edwards cautioned Glick of the various consequences attendant to his refusal to answer questions at his deposition. Counsel advised that the potential risks of such conduct included, inter alia, a continuance of the trial date and the imposition of sanctions against Glick. Specifically, Counsel informed Glick he would move for the sanction of dismissal if Glick refused to answer questions at the deposition. Glick stated he understood the consequences, but he nonetheless declined to proceed with the deposition without legal representation. Dkt. 44-3 at 5 of 8.

Subsequently, by Order entered November 30, 2012, the Court denied Glick's motion for appointment of counsel. The Court found Glick had not

established that this case involved the "exceptional circumstances" required by controlling decisional law that would warrant appointment of counsel.

Edwards moves for sanctions against Glick in the form of the dismissal of this action due to Glick's refusal to answer substantially any questions at his deposition. Edwards filed his motion on December 4, 2012, and Glick filed an untimely response to the motion on January 9, 2013.

## II. DISCUSSION

Various provisions of the Federal Rules of Civil Procedure allow for the imposition of sanctions against a party when the party fails to comply with discovery requests or, as here, refuses to cooperate at the party's deposition. There exist different sanction provisions applicable to different situations.

Edwards moves for sanctions as authorized under circumstances described in Fed. R. Civ. P. 37(d). Rule 37(d), however, authorizes the imposition of sanctions only where "a party [...] fails [...] to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A)(i). The Ninth Circuit has strictly construed this provision and has held it does not apply where a party "attended his deposition but refused to testify. [That situation] is not a 'failure to appear' for the purposes of Rule 37(d)." *Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995). *Accord Pioneer Drive, LLC v. Nissan Diesel America, Inc.*, 262 F.R.D. 552, 560

(D. Mont. 2009) (recognizing a party's appearance cannot qualify as a failure to appear, but concluding that an unprepared Rule 30(b)(6) deponent's appearance on behalf of an organization is properly characterized as a failure to appear under Rule 37(d)).

Because Glick did finally appear for his deposition, was sworn, but refused to testify, Rule 37(d) is not the proper authority for sanctions against him. *Estrada*, 69 F.3d at 406. Consequently, the remedy of dismissal provided under Fed. R. Civ. P. 37(d)(3) and 37(b)(2)(A)(v) as requested by Edwards, is not available under the circumstances. Rather, the proper remedy is for the Court to order Glick to testify at a deposition. *See Estrada*, 69 F.3d at 406 (quoting *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2nd Cir. 1975)). Thus, the Court construes Edwards' motion, in part, as a motion to compel under Fed. R. Civ. P. 37(a)(3)(B)(i), and will grant the motion to the extent that the Court will require Glick to attend another deposition.

Additionally, Fed. R. Civ. P. 30(d)(2) authorizes a court to "impose an appropriate sanction — including the reasonable expenses and attorney's fees incurred by any party — on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). *See Pioneer Drive, LLC v. Nissan Diesel America, Inc.*, 262 F.R.D. 552, 557 (D. Mont. 2009) (permitting

an award of expenses and fees as a sanction under Rule 30(d)(2)). The full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the rule. But the only other sanction asked for by Edwards is an award of expenses in the form of costs and attorney's fees incurred in his unsuccessful effort to depose Glick on November 28, 2012. Edwards requests an award in the amount of $1,310.52 as itemized in counsel's affidavit. Dkt. 44-2 at ¶ 12. The Court will conditionally impose this amount against Glick as a sanction, subject to his opportunity to show cause why the fees and expenses should not be imposed against him.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Edwards' motion for sanctions is DENIED to the extent he requests dismissal of this action under Fed. R. Civ. P. 37(d)(3) and 37(b)(2)(A)(v).

Edwards' motion, however, is GRANTED under authority of Fed. R. Civ. P. 30(d)(2) and 37(a)(3)(B)(i) as follows:

1. Glick shall attend and fully cooperate at a new deposition at a reasonable date, time, and location — including in Helena, Montana — as chosen by Edwards' counsel; and

2. Glick shall pay Edwards' reasonable expenses in an amount up to $1,310.52 as a sanction for his refusal to answer questions at his deposition, unless, on or before **February 14, 2013,** Glick files a brief and affidavit showing cause why this amount should not be imposed against him as a sanction.

Glick is hereby cautioned that his failure to appear at another deposition properly noticed by Edwards, or his refusal, without legal justification, to answer questions at his deposition, may result in the dismissal of this action as an appropriate sanction under Fed. R. Civ. P. 37(d)(3) and 37(b)(2)(A)(v), or under Rule 30(d)(2) as appropriate.

Glick is further advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under circumstances of non-compliance. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 10th day of January, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge