IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION



FILED

FEB 22 2013

Clerk, U.S District Court
District Of Montana
Missoula

| RON GLICK, | CV 11-168-M-DWM-JCL |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| DONALD MOLLOY, JEREMIAH LYNCH, KEITH STRONG, UNITED STATES DISTRICT COURT - MONTANA DISTRICT, ELEVENTH JUDICIAL DISTRICT COURT OF MONTANA, PEG ALLISON, STUART STADLER, KATHERINE CURTIS, TED LYMPUS, MARA NEZATSKI, a/k/a Mara Pelton, TIM HARRIS, RAY EVERT, SPECIAL FRIENDS ADVOCACY PROGRAM, GAY MODRELL, GREGORY PASKELL, MONTANA SUPREME COURT, MONTANA OFFICE OF DISCIPLINARY COUNSEL, DAVE EDWARDS, HEIDI ULBRICHT, and DOES ONE through FIFTY, | |
| Defendants. | |

Before the Court is Plaintiff Ron Glick's motion for declaratory relief. Glick is proceeding *pro se* in this matter. United States Magistrate Judge Jeremiah C. Lynch entered findings and a recommendation on December 5, 2012. No objection

has been filed to Judge Lynch's recommendation that Glick's motion be denied.

The Court reviews the findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff asserts claims under 18 U.S.C. § 1983. Glick's motion now before the Court seeks a declaratory ruling that his sentence in state court imposes only a term of incarceration with time suspended and expressly does not include probation or parole. Judge Lynch properly construes Glick's motion as a direct challenge to the validity of his state sentence. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Applying this principle to the present motion, Judge Lynch correctly concluded Plaintiff's claim for declaratory relief should be dismissed. After a review of Judge Lynch's findings and recommendation, I find

no clear error.

IT IS ORDERED Judge Lynch's findings and recommendation (doc. 45) are adopted in full. Glick's motion for declaratory relief (doc. 36) is DENIED.

DATED this 22nd day of February, 2013.

Donald W. Molloy, District Judge
United States District Court